Filbey, Adm'r, etc., vs. Carrier.

RYAN, C. J., took no part.

## FILBEY, Administrator, etc., vs. CARRIER.

ADMINISTRATOR AND HEIR: *Action for use and occupation of realty, by whom to be brought.*

1. After all the personal estate of an intestate has been appropriated to the payment of his debts, and all debts have been paid, and there are no claims in favor of the estate uncollected, unless it be a demand for use and occupation of land belonging to the estate: *quære* whether an administrator can properly be appointed. *Flood v. Pilgrim,* 32 Wis., 376.

2. It is not the duty of an administrator to take possession of the land of which his intestate died seized, unless the rents and profits are needed in the settlement of the estate; and until he does take possession, the heir may maintain ejectment for the land, although the estate has not been settled *(Jones v. Billstein,* 28 Wis., 221); and the administrator is chargeable with the rents and profits only while the land has been in his possession. R. S. 1858, ch. 102, sec. 7.

3. Where the right of the heir to recover for the use and occupation of land after the death of the ancestor, has been barred by the statute (sec. 12, ch. 89, R. S. 1858), the right of the administrator to such a recovery for the benefit of the heir is equally barred. But whether there was any such bar in this case, is not decided.

4. Where the administrator (in this case an administrator *de bonis non)* has never taken possession of the land, and the rent is not needed in the settlement of the estate, and there is nothing in his relation to the occupant analogous to that of landlord to tenant, he cannot maintain an action for the use and occupation; but such action must be brought *by the heir.*

APPEAL from the Circuit Court for *Fond du Lac* County.

Spencer E. Carrier died intestate November 13, 1854, and in January following his widow, the defendant, was appointed administratrix of the estate and duly qualified as such. The estate of the intestate consisted of land appraised at $2,750, and personal property appraised at $1,450. He left surviving him four young children, the issue of his marriage with the defendant. Defendant rendered two interlocutory accounts of her administration, but the estate was never settled in the probate court, and no distribution thereof has been made.

Defendant remained with her children upon the land, and cultivated and improved it. She also disposed of the personal property. With the proceeds of the land and personal property, she paid all of the debts of her deceased husband, amounting to about $1,800, and maintained her family. She still cultivates the land, assisted by one of her sons. Of her other children, two sons remained with her and worked on the land until after they were of age, and her other child, a daughter, lived with her until the marriage of such daughter. All of the children resided with the mother over sixteen years after the death of their father. July 4, 1872, *Mrs. Carrier* intermarried with Elisha B. Carrier, who is still her husband.

In April, 1876, the county court appointed the plaintiff administrator *de bonis non* of the estate of said Spencer E. Carrier. A few months later, he commenced this action to recover for the use and occupation of such land from and after July 4, 1872 — the date of the defendant's last marriage. Elisha B. Carrier was made a defendant in the action, but no judgment was rendered against him.

The foregoing facts appear from the pleadings and evidence in the case. The court submitted to the jury this question alone: " What was the use and occupation of the premises described in the complaint worth, or what was their rental value, from July 4, 1872, to October 1, 1876?" The jury found such value to be $600. Judgment for $400 was thereupon entered against *Mrs. Carrier*, to be collected out of her separate property. From such judgment she appealed.

*E. S. Bragg*, for the appellant.

For the respondent, there was a brief by *Blair & Perkins*, and oral argument by *Mr. Blair*.

LYON, J. In *Flood v. Pilgrim*, 32 Wis., 376 (which was a case very similar to this in its facts), it was found difficult to understand why an administrator was appointed. We encounter the same difficulty in this case. The title to the land of which the intestate died seized, passed at his death to his heirs; and all his personal property has been appropriated to the payment of his debts and the maintenance of his family. It is not claimed that there are any unpaid debts chargeable upon the estate, or that the estate owns any claim except that for which this action was brought. It is not claimed that there is any balance in the hands of the appellant which she received as administratrix; and if there is any such balance in her hands, it can be collected by suit on her bond without the circumlocution of further administration. In short, it is not claimed that there is any estate to be administered except the demand for use and occupation of the land from the time the defendant's authority as administratrix was extinguished by her marriage, in 1872.

Conceding, however, that there is an estate to be administered, and that the plaintiff was properly appointed administrator *de bonis non*, the fact remains that he has never taken possession of or had any control over the land for the use of which he seeks to recover. The question is, therefore, whether he can recover under these circumstances. We think this question must be answered in the negative.

Whatever power the administrator may have to take actual possession of the land of which his intestate died seized, it is not his duty to do so unless the rents and profits thereof are needed in the settlement of the estate; and until he does take possession, the heir may maintain ejectment for the land, although the estate has not been settled and distributed by judgment of the probate court. It was so held, after much deliberation, in *Jones v. Billstein*, 28 Wis., 221. Moreover, the

Filbey, Adm'r, etc., vs. Carrier.

administrator is only chargeable with such rents and profits while the land remains in his possession. R. S. 1858, ch. 102, sec. 7 (Tay. Stats., 1239, § 7). There has been no time since July 4, 1872, that the heirs of Spencer E. Carrier could not have maintained ejectment for the land in question, or for their share of it. Had they brought ejectment therefor, they would have recovered under the statute (R. S. 1858, ch. 141, sec. 13) the same rents which the plaintiff has recovered in this action, unless their right to recover the same is barred by R. S. 1858, ch. 89, sec. 12. We do not find it necessary to determine the effect of that statute. It is manifest, however, that if it bars the right of the heirs to recover rent, it must necessarily bar the administrator also, when, as in this case, he seeks to recover the rent for the benefit of the heirs alone.

In *Flood v. Pilgrim, supra*, it was held, under similar circumstances, that the administrator could not maintain ejectment, but only the heir or devisee. It seems to result from the judgment in that case, that if the administrator has not taken possession of the land, if the rent of it is not needed in the settlement of the estate, and if there is nothing in his relations to the occupant analogous to the relation of landlord and tenant, he can not maintain an action for use and occupation.

We have been referred to no case in which an administrator has recovered for use and occupation under like circumstances, and we doubt if one can be found in the books. We think that this case is ruled by *Jones v. Billstein* and *Flood v. Pilgrim, supra*, and that the plaintiff sustains no relation either to the land or occupant, which entitles him to maintain this action.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.

RYAN, C. J., took no part.