THE GERMAN BANK vs. LEYSER, imp.

*September 22 — October 12, 1880.*

ESTATES OF DECEDENTS. *(1, 2) Actions to reach lands sold by decedent in fraud of creditors: when they may be brought. (3) Duty of probate court in such cases.*

1. Sec. 3835, R. S., provides that when there shall be just reason to apprehend that the estate of a decedent, as set forth in the inventory, may be insufficient to pay his debts, any one or more of the judgment creditors, or creditors whose claims have been duly allowed against the estate, may, on behalf of all such creditors, bring an action in the circuit court to reach and subject to sale any real estate or interest therein, or any other assets, not included in such inventory, which, according to law, ought to be subjected to the payment of such debts. *Held*, that this includes actions to subject to sale real estate conveyed by the decedent in his life-time in fraud of such creditors.

2. Sec. 3836, R. S., provides that such creditor's action shall not be brought to trial until the sufficiency or insufficiency of the estate in the hands of the executor or administrator to pay the debts of the deceased shall be ascertained. *Held*, that such fact must be ascertained *by the adjudication of the county court*.

3. In such an action, where the amount of indebtedness of the estate had been judicially determined by the county court, and the only property remaining in the administrator's hands as assets was an equity of redemption in certain lands: *Held*, that the county court should have required the administrator to sell such equity of redemption to the best advantage, and the administrator should then have rendered his final account; and that it was error for the circuit court to render judgment for the plaintiff in this action before the county court had made its order upon such final accounting.

APPEAL from the Circuit Court for *Outagamie* County.

The case is correctly stated, in part, in the brief of the counsel for the plaintiff, as follows: " This action was brought by the *German Bank* as creditor of Peter J. Leyser, deceased, pursuant to sections 3835 and 3836, R. S., to reach and subject to sale one-half of the schooner Oscar Newhouse, now claimed by the defendant *Peter T. Leyser*, under a purported conveyance by deceased, alleged to be fraudulent. The com-

plaint alleges plaintiff's incorporation, allowance of its claim for money lawfully loaned, and that it sues in behalf of itself and other creditors whose claims are allowed; shows that Peter J. Leyser died testate, in Sheboygan county, May 19, 1877; that his will was probated June 18th; that the defendant Spranger was appointed and qualified as administrator with the will annexed, July 16, 1877, and was made a party defendant in the case, for the purpose of enforcing or carrying out any judgment therein; shows that an inventory was made of all the property, real and personal, of said deceased which came to his possession or knowledge, with appraisement thereof as follows: Lots 5, 6, 7 and 8, in block 313 (warehouse and dock), at $3,000; lot 6, block 79, at $750; homestead lot 2, block 181, at $1,000; also separate inventory of household furniture, etc., to widow, pursuant to law; that said lot 2 in block 181 constituted the homestead of deceased; that the appraisements were at the highest sums that could be realized, and were inclusive of mortgage liens; and then shows mortgages on the property not exempt, which would probably cover the full value, and as to which there was a foreclosure judgment in the one case, and a foreclosure sale by advertisement in another. An insufficiency of assets of the estate to pay debts allowed is alleged, and also the allowance by the county court, September 7, 1878, of plaintiff's claim of $2,000, and other claims therein stated, aggregating about $1,900 more, making, together, $3,879.99, and all unsecured and wholly unpaid, and all chargeable upon the assets of said estate. It is further alleged that, at the time of contracting said indebtedness, said Peter J. Leyser was owner and in possession of one-half of the schooner Oscar Newhouse, having a certificate of enrollment as therein described, and valued at $2,500; that subsequently to contracting such indebtedness, said owner, with intent to defraud his said creditors, and to avoid his said debt and duty to the plaintiff and said creditors, and to hinder and delay, etc., and without any fair or

valid consideration, made, executed and acknowledged a bill of sale of said half of said vessel, in favor of the defendant *Peter T. Leyser*, bearing date February 2, 1877." It is further averred that there is no other property which can be applied to the payment of the indebtedness against the estate; and the grounds upon which the bill of sale of the vessel is claimed to be fraudulent as against the creditors are stated at length. The prayer of the complaint is for an injunction, and that the administrator be required to sell the interest of the deceased in the vessel, and distribute the proceeds *pro rata* to the creditors of the estate.

The defendant Spranger, the administrator, did not answer. The defendant *Leyser* answered, denying the fraud, and claiming that the bill of sale of the vessel was executed to him by the deceased in good faith, and for a valuable and full consideration. He also alleges that if the property (mainly real estate) left by the deceased were prudently and judiciously sold at private sale, it would sell for more than sufficient to pay all of the just debts of the deceased. The allowance of claims against the estate to the amount stated in the complaint is admitted.

On the trial, the plaintiff read in evidence the foreclosure judgment mentioned in the complaint, and the sheriff's report of sale made pursuant to such judgment after this action was commenced. The report shows a surplus of less than five dollars. The inventory mentioned in the complaint was also read in evidence, and the defendant Spranger, who was called as a witness by the plaintiff, testified that no property other than that described in the inventory came to his hands as administrator; that he had not redeemed from the foreclosure sales; and that none of the claims against the estate had been paid. All of the above evidence was received against the objection of counsel for the defendant *Leyser*, and due exception was taken to its admission. The remainder of the testimony goes to the question of the alleged fraud in the

The German Bank vs. Leyser, imp.

transfer of the vessel. The court found, substantially, that the allegations of the complaint were proved, and gave judgment for the plaintiff, as prayed. *Peter T. Leyser* appealed from the judgment.[1]

The cause was submitted for the appellant on the brief of *Markhams & Smith.* They contended, among other things: 1. A creditor of a deceased debtor cannot, under the statute, maintain an action, equitable in its nature, to set aside a conveyance of personal property. Sec. 3832, R. S., provides a remedy by an action at law, preserving to the defendant the right of trial by jury, which he would not have in an equitable action. The action by the administrator, thus authorized, is, in the first instance, the exclusive remedy. Without the statute, the administrator would be powerless to act, as he could not question the acts of the deceased, they being valid as between himself and his fraudulent vendee. *Estabrook v. Messersmith,* 18 Wis., 545; *Moseley v. Moseley,* 15 N. Y., 336; *Bate v. Graham,* 1 Kern., 237; *Cornell v. Radway,* 22

---

[1] Secs. 3835-6, R. S., are as follows:

Sec. 3835. Whenever there shall be just reason to apprehend that the estate of a deceased person, as set forth in the inventory returned into court by his executor or administrator, may be insufficient to pay the debts of the testator or intestate, any one or more of the judgment creditors, or creditors whose claims against the deceased have been allowed by the county court or commissioners appointed by said court, may, on behalf of all, bring an action in the circuit court, to reach and subject to sale any real estate or interest therein, or any other assets, not included in such inventory, which, according to law, ought to be subjected to the payment of such debts.

Sec. 3836. Such creditor's action shall not be brought to trial until the sufficiency or the insufficiency of the estate in the hands of the executor or administrator to pay the debts of the deceased shall be ascertained; if found sufficient, such action shall be dismissed at the cost of the plaintiff; if found insufficient, such action may proceed to trial and judgment, and any property described in the complaint which ought, by law, to be subjected to the payment of the debts of the deceased, shall be sold under the order of such circuit court; and the proceeds, after paying costs, shall be applied to the payment of such debts in the same manner as other assets.

Wis., 265. And where a new right has been given by statute, and a remedy provided, it can be vindicated in no other way. *Arnet v. Ins. Co.*, 22 Wis., 516; *Hall v. Hinckley*, 32 id., 362; *Smith v. Lockwood*, 34 id., 72. Assuming that under sec. 3833, R. S., the creditor may bring an action on failure of the administrator to do his duty, the complaint is radically defective. It should show either a request or some collusion between the defendant *Leyser* and the administrator. *Hagan v. Walker*, 14 How. (U. S.), 34. Sec. 3835, R. S., does not refer to fraudulent transfers or equitable rights, but merely to property omitted from the inventory, which may be ascertained and sold; property which the deceased, if living, himself might claim. The rule being, where in a statute general words follow particular ones, to construe them as applicable to subjects *ejusdem generis*, is not sec. 3835 limited to real assets and no other? See *Sandiman v. Breach*, 7 B. & C., 96.

2. The action was prematurely brought to trial. The insufficiency of the estate in the hands of the administrator to pay the debts must first be ascertained. R. S., sec. 3836. The language indicates a judicial determination of the insufficiency of the estate. And this question should be determined in the county court. That court has full power in the settlement of the estates of decedents, and exclusive jurisdiction to determine the amount of the debts. *Matter of Adams*, 2 Redf. Surr., 66; *Guenther v. Jacobs*, 44 Wis., 354; R. S., sec. 2443; Gary's Probate Law, 145 and note 19; *Price v. Dietrich*, 12 Wis., 626; *Rusk v. Sackett*, 28 Wis., 403; Gary's Probate, 235. It may be questioned whether the power conferred by sec. 2, art. VII of the constitution, on courts of probate can, even by legislative act, be transferred to the circuit court. See *Territory v. Bramble*, 5 N. W. R., 947; *Turner v. Hechett*, id., 180.

*Wm. H. Seaman*, for respondent:

1. The complaint states a cause of action. The authority given to the administrator by sec. 3832, R. S., is simply cumu-

lative.  *Cornell v. Radway*, 22 Wis., 260.  In the absence of this statutory authority, it has been questioned whether the administrator could impeach a fraudulent conveyance of his decedent; but the right of the defrauded creditor in that respect, was generally upheld in the court of equity, upon the " principles which regulate its jurisdiction."  Bump on Fraud. Con. (2d ed.), 528; *Hagan v. Walker*, 14 How., 29; *Spencer v. Armstrong*, 12 Heisk., 707.  Under our statute, a creditor must have his claim allowed in the county court, and maintains his action in behalf of all, obtaining no preference for his own debt.  He may, certainly, have the administrator sue, but must then pay or secure the costs and expenses, and still have no control of the proceedings.  R. S., sec. 3833.  2. The trial was not premature.  The insufficiency of the estate was to be ascertained by the trial court, the burden of proof being upon the plaintiff.  The sections in question relate entirely to a proceeding in the circuit court.  If the county court were to be called upon for an adjudication, it would be so provided expressly.  The court, therefore, properly proceeded to a trial upon the merits, after ascertaining, as the findings show, that there was an insufficiency of assets.

LYON, J.  The answer substantially denies the insolvency of the estate of Peter J. Leyser, deceased.  It was certainly the duty of the administrator to dispose of the estate carefully and judiciously, and the answer avers that if so disposed of the estate would be sufficient to pay all debts chargeable against it.  Hence, the question of the sufficiency of the estate in the hands of the administrator to pay the debts of the deceased was put in issue by the pleadings.  The sections of the revised statutes (3835 and 3836) under which this action was brought, were first enacted in 1864, and stand as chapter 265 of the general statutes of that year.  The statute which authorizes, and on certain conditions compels, executors or administrators of insolvent estates to bring actions to set aside

conveyances of real estate made by deceased testators, or in-
testates, in fraud of creditors, or to recover personal property
so fraudulently conveyed, was then and still is in force. R. S.
1858, ch. 100, secs. 16 to 18, inclusive; R. S., 945, secs. 3832–4.
The legislature evidently thought that cases might arise in
which it would be desirable that a creditor might proceed
directly in his own name, but for the benefit of all the cred-
itors of the estate, to avoid a conveyance of property by the
deceased in his life-time, in fraud of their rights. Without
statutory authority, the right of a creditor to maintain such
an action, except under very special circumstances, had been
denied. *Bate v. Graham*, 11 N. Y., 237. Hence the enact-
ment of chapter 265 of 1864. The remedy there given is
clearly cumulative. The creditor may now, in a proper case,
compel the executor or administrator to bring the action, or
bring it himself. In this case the plaintiff elected to bring
the action.

Section 3835 authorizes the action to be brought on just
apprehension of a deficiency of assets to pay the debts of the
deceased, before the fact is definitely ascertained. There is
good reason for this. It gives the creditor the benefit of his
*lis pendens*, and enables him, in a proper case, to avail him-
self of the remedies by injunction and the appointment of a
receiver, thus securing the fruits of the litigation if he pre-
vails, which might otherwise be lost. But he can go no
further until it is ascertained whether such deficiency exists.
If found not to exist, the action will be dismissed without
trial. If it is found that the estate in the hands of the ex-
ecutor or administrator is insufficient to pay the debts of the
deceased, then, and not until then, the action may be tried.
This is the plain reading of section 3836: "Such creditor's
action shall not be brought to trial until the sufficiency or in-
sufficiency of the estate in the hands of the executor or ad-
ministrator to pay the debts of the deceased shall be ascertained.
. . . If found insufficient, such action may proceed to

trial and judgment," etc. How is this fact to be *ascertained?* by whom or by what tribunal is it to be found? are the questions which this appeal presents for determination. That it must be ascertained judicially in some form we cannot doubt. Indeed, it seems to be conceded that a judicial determination is required by the statute. The more difficult question is, whether the exclusive forum for that adjudication is the county court.

This action differs from the ordinary creditor's suit only in the circumstance that the debtor is dead. It is essentially of the same nature, and is governed by the same principles. A court of equity takes jurisdiction of a creditor's suit only when the usual legal processes to collect the judgment have been resorted to and have proved unavailing. Hence, the necessity of averring and proving the issuing of an execution and its return unsatisfied, as a condition precedent to equitable relief in an ordinary creditor's suit. Section 3836 was evidently drawn with a view to that principle, for it denies equitable relief unless it is made to appear that the creditor cannot realize his debt by the ordinary processes of administration in the county court. But it goes further by prohibiting a trial of the action until the deficiency of assets in the hands of the executor or administrator is ascertained. This must be ascertained before the trial, and no procedure is prescribed for ascertaining the fact in the circuit court. Had the legislature intended that the circuit court should ascertain it, the statute would, doubtless, have provided merely that judgment should not be given for the plaintiff unless the alleged deficiency was found to exist. Considering, therefore, that the statute denies equitable relief until it has been judicially determined that the ordinary processes of administration in the county court have failed to pay the indebtedness chargeable to the estate; and considering also that such adjudication must be made before the creditor's suit can be brought to trial, and that the administration of the estate is peculiarly within

the cognizance and under the control of the county court,— we think the conclusion is inevitable that the fact of insufficiency of assets must be ascertained by the adjudication of that court. Any different construction of the statute would, in our opinion, be essentially vicious.

When the present case was tried, there was an outstanding equity of redemption in the lands sold under the foreclosure judgment, available to the administrator. Its value was undetermined. The county court should have required the administrator to sell such equity of redemption to the best advantage, and the sale so made would have determined its value. The administrator should then have rendered his final account, and the order or judgment of the county court thereon would be an adjudication of the value of the assets which came to his hands. The indebtedness chargeable against the estate having already been judicially determined, such order or judgment would also show whether there was a deficiency of assets, and, if made before trial of the creditor's suit, would fulfill the requirements of the statute. On the proper showing by a creditor, the court would compel the administrator to proceed as above indicated. Until the above or other equivalent proceedings are had in the county court, we are satisfied that the creditor's suit cannot regularly be tried. Our judgment rests upon the construction of the statute. There was no such question in *Flood v. Pilgrim*, 32 Wis., 376, or in *Filbey v. Carrier*, 45 Wis., 469, cited by the learned counsel for the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for further proceedings according to law.