Richter vs. Leiby and others.

RICHTER, County Judge, Respondent, vs. LEIBY and others, Appellants.

*April 18 — May 3, 1898.*

*County judge: Estates of decedents: Action by creditors to reach assets not inventoried: Parties.*

1. Under the provisions of sec. 3835, R. S. 1878, authorizing any creditor of an estate whose claim has been allowed, whenever there is just reason to apprehend that such estate as inventoried may be insufficient to pay the debts, to bring an action in the circuit court on behalf of all the creditors, to reach and subject to sale any real estate or other assets not inventoried, which, according to law, ought to be subjected to the payment of such debts, such an action may be brought and maintained by a creditor whose claim has been allowed, notwithstanding an appeal has been taken from the allowance thereof.

2. The maintenance of such action in the circuit court is not affected by sec. 4036, R. S. 1878, which refers only to proceedings in the county court and the effect of an appeal therein. The action in the circuit court is ancillary to the proceedings in the county court, is in favor of all the creditors, and does not depend upon any single judgment rendered in the county court, and cannot, under sec. 3836, R. S. 1878, be brought to trial until the sufficiency or insufficiency of the assets has been determined, but may be held and maintained in the meantime.

3. A county judge who, in pursuance of sec. 4015, R. S. 1878, has presented a claim upon a bond, given in an estate which is being administered in his own county, for allowance in proceedings for the administration of the estate of one of the sureties therein in the county court of another county, and had it allowed, is a creditor of that estate, who may maintain an action under sec. 3835, R. S. 1878, notwithstanding sec. 4015 provides that the judgment in the action shall specify the amount found due to each particular person for whose benefit it is brought. He stands in the relation of trustee of an express trust, and the suit should be in his name and not in that of the beneficiaries whom he represents.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff brings this action in his capacity as county judge of Fond du Lac county, based upon the following state

Richter vs. Leiby and others.

of facts: One Wroe was a trustee of an estate being administered in that county and Jonathan Leiby was one of his sureties. Wroe defaulted, and the sureties became liable on their bond. Leiby died, and the plaintiff, as county judge, filed a claim against his estate for the amount of Wroe's defalcation, in the county court of Outagamie county, which, after a contest, was allowed at the sum of $9,258. Plaintiff then brought this action, in the nature of a creditor's bill, under sec. 3835, R. S. 1878, to set aside a deed of his real estate alleged to have been made by Leiby, in his lifetime, to escape the payment of his liability on this claim. The transaction had been so manipulated that the title to the property came to the defendant *Abigail Leiby,* who is the widow and administratrix of Jonathan Leiby, and was by her conveyed to the defendants *Zuehlkes,* who are alleged to have had full knowledge of the situation. To secure part payment of the purchase money of this land, the *Zuehlkes* executed a mortgage on the land to *Mrs. Leiby.*

The complaint shows that Leiby's estate did not possess sufficient assets to pay the plaintiff's claim, and it is sought therein to secure the land so fraudulently conveyed or, failing in that, the amount of the purchase money unpaid, represented by the mortgage mentioned. The plaintiff obtained an injunction restraining the defendant *Abigail* from collecting and the *Zuehlkes* from paying the mortgage pending the suit. The defendants separately demurred to the complaint on the grounds that plaintiff had no legal capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action. Afterwards the defendant *Abigail Leiby,* in her personal capacity, and the *Zuehlkes,* moved to dissolve the injunction, based upon an affidavit showing that *Mrs. Leiby,* as administratrix, had appealed from the allowance of the claim represented by the plaintiff to the circuit court, and that such appeal was pending and undetermined, said appeal having been taken before the com-

mencement of this suit. From an order denying said motion, said defendants appeal.

For the appellants there was a brief by *Lyman E. Barnes,. Bottensek & Coates,* and *Frank W. Harriman,* and oral argument by *Lyman E. Barnes.* They argued, *inter alia,* that the plaintiff's claim has not been allowed by the county court, within the meaning of sec. 3835, R. S. 1878, so as to give him a right to prosecute this action. The effect of the appeal from its allowance with a stay of proceedings is, by sec. 4036, R. S. 1878, not merely to suspend but to render entirely inoperative the order or judgment appealed from, during the pendency of the appeal. *Ætna L. Ins. Co. v. McCormick,* 20 Wis. 265, 272; *York v. Orton,* 65 id. 6; *Neumann v. State,* 76 id. 112; *Smith v. Schreiner,* 86 id. 19; *Day v. DéJouge,* 66 Mich. 550; *People v. Treadwell,* 66 Cal. 400; *Bullard v. McArdle,* 98 id. 355–359; *Curtiss v. Beardsley,* 15 Conn. 518; *Howland v. Couch,* 43 id. 50; *Card v. Foot,* 57 id. 427. The plaintiff is not the real party in interest and has no legal capacity to sue. The action is not on a bond, such as might be brought by him as county judge, under secs. 4014, 4015, R. S. 1878, but it is one in the nature of a creditors' bill. The judgment of the county court upon the claim presented by him must, under sec. 4015, R. S. 1878, specify the amount found due for each particular person for whose benefit the action is brought, and it is not therefore in favor of the county judge, but of the party to be benefited. *Meyer v. Barth,* 97 Wis. 352. The complaint does not show that the estate of the deceased surety was rendered insolvent by the conveyance alleged to be fraudulent, so as to entitle the plaintiff to equitable relief. *Zweig v. Horicon I. & M. Co.* 17 Wis. 362; *Crowley v. Hicks,* 98 id. 566.

*D. D. Sutherland,* for the respondent.

BARDEEN, J. The defendants insist that the injunction should be dissolved, because (1) the claim upon which plaint-

iff's cause of action is based has not been allowed within the meaning of sec. 3835, R. S. 1878; (2) the complaint is bad on demurrer, and will, therefore, not support an injunction.

1. Plaintiff's right to maintain this action is based upon sec. 3835, R. S. 1878, which reads as follows: "Whenever there shall be just reason to apprehend that the estate of a deceased person, as set forth in the inventory returned into court by his executor or administrator, may be insufficient to pay the debts of the testator or intestate, any one or more of the judgment creditors, or creditors whose claims against the deceased shall have been allowed by the county court or commissioners appointed by said court, may, on behalf of all, bring an action in the circuit court, to reach and subject to sale any real estate or interest therein, or any other assets, not included in such inventory, which, according to law, ought to be subjected to the payment of such debts." The record shows that the claim represented by plaintiff had been duly presented to the county court in which the proceedings in the Leiby estate were pending, that objection was made thereto, that the same was duly allowed, and that an appeal therefrom had been taken to the circuit court. It is insisted that the appeal from the judgment of the county court so far suspends its operation that no proceedings looking towards the enforcement of any right based thereon can be taken. Sec. 4036, R. S. 1878, referring to proceedings in the county court, provides that, "after an appeal is claimed, and notice thereof given at the office of the county judge, all further proceedings in pursuance of the act appealed from shall cease until the appeal shall be determined." In *Gaston v. Babcock*, 6 Wis. 503, this court held that an appeal from an order of the county judge appointing a guardian for an insane person had the effect to suspend such order and all proceedings thereunder. In *In re Fisher*, 15 Wis. 511, it was said that the county court could not receive and act upon a petition for letters of administration of an estate with the

Richter vs. Leiby and others.

will annexed, pending an appeal from its order approving the will.

It will be seen that the decisions so far made have only gone to the extent of holding that no proceedings could be taken in the county court in furtherance of the matter appealed from, pending the appeal. It was not the purpose of the statute to limit or suspend the right the party might have to commence and maintain ancillary proceedings authorized by law in some other court, which might be in a measure dependent thereon, unless we can say that the appeal from the judgment entirely suspends its efficacy for any purpose, and renders it inoperative. It is true that under the statute last cited, the plaintiff was disenabled from taking any proceeding in pursuance of his judgment in that court. But sec. 3835 says, in effect, that when there shall be *just reason to apprehend* that the estate of a deceased person may be insufficient to pay the debts of the testator or intestate, any one or more of the creditors whose claims have been allowed by the county court may, in behalf of all, bring an action in the circuit court to reach property that ought to be applied to the payment of such debts. The suit so authorized must be in behalf of all creditors of deceased, and is ancillary to the proceedings in county court, and not dependent upon any single judgment therein rendered. This plainly appears to be so, because sec. 3836 says that such creditors' action shall not be brought to trial until the sufficiency or insufficiency of the assets of the estate shall be ascertained; and, if found sufficient, such action shall be dismissed at plaintiff's costs, and, if insufficient, then the suit may be prosecuted, and any sum realized therefrom, after paying costs, is to be applied to the payment of the debts of the deceased in the same manner as other assets. The real intent and purpose of these sections is to authorize any creditor whose claim had been allowed, and when there was *just reason to apprehend* a shortage in the

assets of the estate, to commence a suit, and tie up any real estate that ought to be subjected to the payment. of such debts, until it is ascertained to a certainty whether it would be needed or not. But before 'he can proceed with his trial there must be a judicial determination in the county court as to the sufficiency of assets. *German Bank v. Leyser*, 50 Wis. 258. Any action thus commenced must be stayed until all proceedings relative to the allowance of claims and the marshaling of assets shall have reached such a final determination as will enable the county court to say with certainty that the necessity for further pursuit of fugitive assets exists.

In the enactment of these sections, the legislature seems to have had a prudential regard for the rights of creditors. It is a matter of common knowledge that when a debtor once starts on the dangerous path of placing his property beyond the reach of creditors both he and his grantees go, to the end of the trail. There are always accommodating friends or disinterested relatives, all innocent of guile, ready and willing to assist in carrying out the scheme. If we may believe the allegations of the complaint, the defendants are not as "innocent as lambs, or white as the driven snow." The demurrer admits the truth of the complaint, and, *if* true, not being parties to the appeal from the county court, the defendants are not in position to urge equitable considerations with any great degree of force. We therefore hold that under the provisions of the statute cited, and in view. of the purpose sought to be obtained thereby, the plaintiff's. claim has been *allowed*, notwithstanding the appeal therefrom, in the sense that this action can be commenced by him, and held until the sufficiency of the assets of the Leiby estate is ascertained.

But, independent of these considerations, there is considerable authority, and from most respectable courts, holding that an appeal with a stay of proceedings merely suspends,

the right to execution, and leaves the judgment, until annulled or reversed, valid, and binding upon the parties. Freeman, Judgments, § 328, and cases cited in note 2, p. 597. The court of Indiana has gone so far as to allow a party to maintain an ejectment action based on a judgment in partition, when such judgment had been appealed from, and was then undetermined.. *Randles v. Randles*, 67 Ind. 434. In a later case — *Line v. State ex rel. Louder*, 131 Ind. 468 — the court holds that the appeal does not preclude the party from suing on the judgment, or from prosecuting collateral or independent proceedings. These authorities are cited as illustrating the limit to which the rule has been carried, although it must be admitted that there are not a few conflicting decisions. This question was recently discussed in this court in *Smith v. Schreiner*, 86 Wis. 19, and the rule is there stated that a mere appeal does not affect the judgment as a bar to another action.

2. The objection that the complaint is bad on demurrer, and therefore will not support an injunction, is based upon two grounds: (1) That plaintiff has not legal capacity to sue, and (2) that the complaint does not state a cause of action. The defendants admit that under sec. 4015, R. S. 1878, the plaintiff had a right to present a claim on the Wroe bond for allowance in the Leiby administration proceedings, and the argument is that, when judgment was entered on that claim, he has exhausted all right to proceed to enforce the judgment, and that the action should have been brought in the names of the beneficiaries he represents. We do not think the point is well taken. The judgment on the claim presented was necessarily rendered in the name of the county judge. He appeared, by the record, as a creditor of the Leiby estate in his official and representative capacity, and he alone had authority to enforce it. The fact that sec. 4015 provides that the judgment so rendered " shall specify the amount found due to each particular person for whose

Richter vs. Leiby and others.

benefit it is brought" does not militate against this position. Under the law he stands really as the trustee of an express trust, and all moneys collected by him are, in fact, assets to be administered according to law. Being invested with these duties and charged with these obligations, no good reason is perceived why he may not, in his official capacity, take such steps as the law warrants, to secure the fruits of his judgment.

We think it sufficiently appears from the complaint that at the time Leiby made his deed to *John Leiby*, he did not retain sufficient property to pay his legal obligations. This deed was made May 14, 1894, and he died the following August. His entire assets, as shown by the inventory of his estate, were but $2,669. The claims presented against his estate amounted to over $11,000. This being his financial condition in August, it is a fairly reasonable conclusion to say that he was insolvent in May previous. This conveyance is alleged to have been voluntary, without consideration, and made for the purpose of avoiding the payment of any sum that might be found due on his bond. Under the law, plaintiff could not issue execution on his judgment in county court. The statute allows him to commence his suit when there is *just reason to apprehend* that the estate has not sufficient assets to pay debts. The complaint not only sets out the facts as above stated, but also contains an express allegation of insufficiency. If, subsequently, it appears that there are sufficient assets, then his action goes down. These provisions of the statute were passed in order to enable a court of equity to retain jurisdiction to grant relief in such cases, and which it would not take ordinarily in creditors' suits, until issue and return of an execution unsatisfied. *German Bank v. Leyser*, 50 Wis. 258.

*By the Court.*— The order of the circuit court is affirmed.