Ford vs. Ford and another.

PINNEY, J., took no part.

FORD, Executor, Appellant, vs. FORD and another, Respondents.

FORD, Executor, Respondent, vs. FORD, imp., Appellant.

FORD, Executor, Respondent, vs. FORD, by guardian *ad litem*, imp., Appellant.

*May 7 — May 25, 1894.*

ESTATES OF DECEDENTS: WILLS. (1–3) *Extra allowance to executor: Itemizing claim: Amount: Evidence.* (4) *Election by widow not to take under will: Share of "net personal estate."* (5) *Disposition of property devised to her:* Res adjudicata. (6) *Limitation of time for settlement: Removal of executor.* (7) *Attorneys' fees.*

1. Property of a testator was found in four states and was looked after with diligence by the executor, who also investigated a claim that there was property in another state to which the will made no reference. The will was complicated in its provisions and difficult in execution, and suits for its construction were persistently fought in three states. Nearly all the steps taken by the executor were criticised and questioned, and the estate was in constant litigation

Ford vs. Ford and another.

during the entire term of his service. *Held,* that the case was one of " unusual difficulty," and extra compensation was properly allowed the executor under sec. 3929, R. S.

2. Though neither the statute nor the rule (County Court Rules of 1879, XVII, sec. 6) requires it, it is better practice to itemize the executor's claim for extra compensation; but a claim allowed by the county court should not be rejected on appeal merely because it was not itemized, where there was no motion that it be itemized or a bill of particulars furnished, and it was in fact itemized on the trial.

3. Under sec. 3929, R. S., providing for allowance, as extra compensation in certain cases, of such sums "as the county court shall judge reasonable," that court may, in its discretion, allow a sum smaller than that fixed by the uncontradicted evidence as to the value of the services.

4. The "net personal estate " of a testator, not less than one third of which is, under sec. 2172, R. S., to go to the widow if she elects not to take under the will, is the personal estate left after payment of the debts, allowances, and charges and all expenses of administration, including those made necessary by the will.

5. The disposition to be made of property given by a will to the testator's widow, who elected to take the provision made for her by law, having been involved and expressly determined in a prior proceeding, and the entire judgment therein having been affirmed on appeal, that matter is *res adjudicata,* although that part of the judgment was not questioned on said appeal.

6. Where it had been impossible for the executor, though using all reasonable diligence, to complete the administration within the six years allowed by sec. 3850, R. S., it was proper to refuse to remove him and appoint an administrator *de bonis non.*

7. An infant, who had no property except his prospective interest in the estate, being a necessary party to litigation involving the estate, no part of which was commenced by him or on his behalf, the expenses incurred by his guardian *ad litem* for attorneys' fees and disbursements in such litigation were rightly allowed as part of the expenses of administration; but the expenses incurred by the testator's widow in such litigation, much of which she herself commenced, were properly disallowed.

APPEALS from the Circuit Court for *Dane* County.

These are three separate appeals from a judgment of the circuit court for Dane county, rendered in the course of the settlement of the estate of Francis F. Ford, deceased.

Francis F. Ford died testate, January 26, 1886, leaving property in five states,— Wisconsin, Michigan, Iowa, Kansas, and Missouri. His will was duly admitted to probate in the county court of Dane county, June 17, 1886, and letters testamentary issued to *J. C. Ford.* The legatees therein named are his widow, *Margaret G. Ford,* his only son, *Marcus C. Ford,* and his three brothers, Edward I., *Joseph C.,* and Henry T. Ford. The will is complicated in its provisions, difficult of construction, and difficult in execution. It was before this court in an action for construction thereof, which will be found reported in 70 Wis. 19, where the will is printed at length. Another appeal, taken in course of the settlement of the estate, will be found reported in 80 Wis. 565. The widow duly renounced under the will, and elected to take the provisions made for her by law. Litigation followed, commencing with a contest of the will by the widow, and litigation has also been carried on in four different states. Ancillary administration has also been taken out in the states of Michigan and Missouri, and that in Missouri was, not terminated till after the expiration of six years after the issuance of the letters testamentary by the county court of Dane county.

On the 18th day of August, 1892, the widow filed a petition in said county court, asking, among other things, for the removal of the executor and appointment of an administrator *de bonis non,* on the ground that six years had elapsed since the granting of letters testamentary, and on the further ground that the executor had failed to properly discharge his duties under the will. The executor answered this petition, claiming that earlier settlement of the estate was impossible, and that he had faithfully discharged his duties. Upon the trial of this issue in the county court the petition for removal was dismissed, and judgment entered accordingly. From this judgment *Margaret G. Ford* and *Marcus C. Ford* appealed to the circuit court for Dane county.

October 1, 1892, the executor filed in the Dane county court his final account and report, and his petition for its allowance. The widow and son thereafter filed a statement in the form of a complaint, making fifteen specific objections to the account, to which complaint and objections the executor made answer. December 12, 1892, the executor filed a supplemental account, bringing his final account down to that date. The county court tried the issues arising upon the account and the objections, and filed its judgment thereon, February 14, 1893. The widow and son appealed from the whole of such judgment, and the executor appealed from the disallowance of certain items of the account. When the appeal came to the circuit court, the executor filed supplemental accounts, bringing down his final account to August 8, 1893.

The appeal in the matter of the application for removal of the executor, and the various appeals from the judgment rendered upon the final account, were by stipulation all heard together in the circuit court, and the two proceedings were consolidated, and, after trial, findings and judgment were entered in the circuit court, October 30, 1893, as of August 28, 1893. From this judgment separate appeals were taken by the executor, by the widow, and by *Marcus C. Ford*, which were all argued together in this court.

The executor, in his appeal, claims that the court erred — first, in disallowing $3,000 of the $6,000 claimed by him for extraordinary services; second, in disallowing two items of $200 and $97.50, respectively, paid by the executor to attorneys for legal services; third, in disallowing three items of $57.50, $20.50, and $28.55, respectively, being certain expenses of the executor to Kansas City and return, and an hotel bill at Madison; fourth, in directing the executor to pay to the counsel for the guardian *ad litem* of *Marcus C. Ford* the sum of $1,393.77; fifth, in adjudging

that one half of the net rentals of the estate be assigned to *Marcus C. Ford.*

The widow, in her appeal, claims that the court erred — first, in allowing any extra compensation to the executor over and above the statutory *per diem* and percentages; second, in not removing the executor, and in holding that he had performed his duties with diligence; third, in first deducting all the expenses of administration from the amount of the personal estate, and assigning to the widow only one third of the balance; fourth, in not allowing to her the expenses of litigation paid by her in other states as charges against the estate.

The appeal of *Marcus* makes the same points.

*Geo. W. Bird,* for the executor, argued, among other things, that the failure to itemize the claim for extra compensation was not fatal. It was fully itemized in the testimony. *Wisner v. Mabley Estate,* 70 Mich. 271; *Cameron v. Cameron,* 15 Wis. 1; *Reese v. Gresham,* 29 Ala. 91; *Waller v. Ray,* 48 id. 468; *Raines v. Raines' Ex'rs,* 51 id. 237; *Estate of Gilpin,* 138 Pa. St. 143. The fees of the counsel of the guardian *ad litem* were not proper charges against the estate, under sec. 4041, R. S. 1 Woerner, Admin. sec. 152; 2 id. secs. 356, 515; *Wait v. Holt,* 58 N. H. 467; *In re Page,* 57 Cal. 238, 242; *Austin v. Munro,* 47 N. Y. 360, 366. Sec. 3850, R. S., limiting the time for final settlement of estates to six years, does not apply to a case where the executor is required to hold the estate during the continuance of two lives in being at the death of the testator, or where the provisions of the will otherwise render it impossible to make final settlement within that time. *Scott v. West,* 63 Wis. 529; S. & B. Ann. Stats. sec. 3850, note; *Ford v. Ford,* 70 Wis. 19. An executor or trustee will not be removed unless there is the most imminent danger of a breach of the trust, even if some or all of the beneficiaries are dissatisfied with the management. 1 Perry, Trusts, sec. 276; *Berry*

*v. Williamson*, 11 B. Mon. 273; *Massey v. Stout*, 4 Del. Ch. 274; *Lathrop v. Smalley's Ex'rs*, 23 N. J. Law, 192. The statutory power of removing an executor, vested in the sound discretion of the county court, will not be interfered with unless there has been a very manifest abuse of discretion. *Cutler v. Howard*, 9 Wis. 309; *Estate of Pike*, 45 id. 391. The expenses of probating the will and of the construction and partition suits are very clearly a part of the expenses of administration. *Sawyer v. Baldwin*, 20 Pick. 378; *Bowditch v. Soltyk*, 99 Mass. 136; *Howard v. Smith*, 78 Iowa, 73; *Heiss v. Murphey*, 43 Wis. 45; *Will of Smith*, 52 id. 543; *Scott v. West*, id. 37; *Webster v. Morris*, 66 id. 367, 400; *Silverthorn's Will*, 68 id. 372, 380; *Ford v. Ford*, 70 id. 19, 68; *Will of Fuller*, 75 id. 431, 438; *Scott v. Neeves*, 77 id. 305, 313; *Burnham v. Burnham*, 79 id. 557, 566; 1 Redf. Wills (4th ed.), 494.

*B. J. Stevens*, attorney for *Margaret G. Ford* and of counsel for *Marcus C. Ford*, and *A. L. Sanborn*, guardian *ad litem* and attorney for *Marcus C. Ford*, contended, *inter alia*, that under the statute (ch. 106, Laws of 1877; R. S. secs. 2170–2172) extending dower to personal property, it has in all respects the characteristics of dower. The title originates in the contract of marriage and is taken not through the husband, but in the widow's own right by appointment of law, and is not subject to the payment of debts, or is subject to the payment of such indebtedness only as by statute is specially made chargeable thereon. *Hardy v. Scales*, 54 Wis. 452; *Van Steenwyck v. Washburn*, 59 id. 483; *Leach v. Leach*, 65 id. 284; *Beem v. Kimberly*, 72 id. 343; *Earl of Darlington v. Pulteney*, 3 Ves. Jr. 384; *Grissell v. Swinhoe*, L. R. 7 Eq. 291; *Cooper v. Cooper*, L. R. 7 App. Cas. 53, 59, 69, 79; L. R. 6 Ch. App. 19, 21; *Scott v. West*, 63 Wis. 529, 555; *In re Wilber*, 52 id. 295; *Wilber v. Wilber*, id. 298; *Farnsworth v. Cole*, 42 id. 403, 405; *Mock v. Watson*, 41 Iowa, 241; *Smith v. Zuckmeyer*, 53 id. 14, 17; *Phil-*

Ford vs. Ford and another.

*lips v. Carpenter*, 79 id. 600, 601; *Burns v. Keas*, 21 id. 257. The widow's dower in real and personal property vests in her immediately upon the death of her husband. *Foster v. Fifield*, 20 Pick. 67; *Nickerson v. Bowley*, 8 Met. 427; *Adams v. Adams*, 10 id. 171; *Blower v. Morret*, 2 Ves. Sr. 421; *Burridge v. Bradyl*, 1 P. Williams, 127; *Stahlschmidt v. Lett*, 1 Sm. & G. 415; Lush, Husband & W. 91. The corpus of the estate consists only of the balance after deducting the widow's share of the real and personal property. *Grattan v. Grattan*, 18 Ill. 167, 170; *Shields v. Keys*, 24 Iowa, 299; *Ward v. Wolf*, 56 id. 465; *In re Bard's Estate*, 58 Pa. St. 393; *Kennedy v. Shaw*, 43 Mich. 359; Herrick & Doxsee, Dower, 386, notes, 1, 2. The widow, therefore, should have been assigned her dower interest in the personal property before deducting the expenses incident to the execution of the will. *Leach v. Leach*, 65 Wis. 284, 290; *Ford v. Ford*, 70 id. 68; *Scott v. Neeves*, 77 id. 305, 313; *Scott v. West*, 63 id. 588; *Webster v. Morris*, 66 id. 400; *Miller's Ex'rs v. Simpson*, 2 S. W. Rep. 171; *Mallory's Adm'rs v. Mallory's Adm'r*, 92 Ky. 316; *Plympton v. Plympton*, 6 Allen, 178; *Firth v. Denny*, 2 id. 468; *Sill v. Sill*, 39 Kan. 189. A provision for a widow in lieu of dower entitles her, if she takes under the will, to take as purchaser for a valuable consideration, not subject to that abatement to which general legacies are subject. 2 Woerner, Admin. sec. 452; *Security Co. v. Bryant*, 52 Conn. 311; *Pollard v. Pollard*, 1 Allen, 490; *Lord v. Lord*, 23 Conn. 327, 330; *Hubbard v. Hubbard*, 6 Met. 50; *Richardson v. Hall*, 124 Mass. 228; Lush, Husband & Wife, 91 (t); *Williamson v. Williamson*, 6 Paige, 298; *In re Gotzin*, 34 Minn. 159, 167. And such a provision is superior to specific as well as general legacies. Woerner, Admin. sec. 452. The services for which extra compensation was made to the executor should have been stated specifically by items. *Wisner v. Mabley Estate*, 70 Mich. 271, 285; *S. C.* 74 id. 143; *Steel v. Holla-*

*day*, 20 Oreg. 463; *Wright's Adm'rs v. Wilkerson*, 41 Ala. 267; *Pearson v. Darrington*, 32 id. 273; *Wright v. Wright*, 64 id. 88; *Price's Estate*, 81 Pa. St. 263; *Blake v. Pegram*, 109 Mass. 541; Cheever, Probate Law, 206; *Swan v. Wheeler*, 4 Day, 137; 2 Daniel, Ch. Pl. & Pr. 1231; *Fairman's Appeal*, 30 Conn. 205; 2 Woerner, Admin. 1149, note 5, 1169, note 3; *May v. Green*, 75 Ala. 162, 167; Gary, Probate Law (2d ed.), sec. 599; County Court Rule XV, subd. 2; *Wellborn v. Rogers*, 24 Ga. 558, *Harris v. Ely*, 25 N. Y. 138; *Hutchinson's Appeal*, 34 Conn. 300; *In re Jones*, 1 Redf. 263.

WINSLOW, J. 1. As to the extra compensation allowed to the executor. The statute provides (R. S. sec. 3929) that, in addition to his *per diem* and commissions, an executor shall be allowed as compensation such further sums, "in cases of *unusual difficulty* or extraordinary services, as the county court shall judge reasonable." It seems entirely clear to us that this has been a case of *unusual difficulty*. We entirely agree with the remarks of the county judge on this subject as follows: "If there ever was a case for extra compensation under our statute, this is one. No reported case that I have seen or been referred to compares with it. In this case there has been property found in four states, and looked after with diligence by the executor. It is claimed that there was and is also property in another state. This required and received investigation at the hands of the executor. He did not see fit to litigate for it. No party in interest, so far as it appears, offered to secure the estate against costs if he would do so. The rights of those entitled to that property have not been waived or lost by the action or nonaction of the executor, so far as appears. The will of the deceased made no reference to such property. The estate has been in constant litigation that has been persistent and spirited during the entire term

Ford vs. Ford and another.

of the executor's service.    But few, if any, steps have been taken by the executor that have not been criticised and questioned.    The suits for the construction of the will have been persistently followed and fought in three states through the courts to the courts of last resort in each, with substantially the same result in all.    I therefore find it a case for extra compensation.    It is said that the charge for extra compensation was not itemized, and therefore should not be allowed.    That the charge was not itemized is an objection to the claim, but full proof has been taken on the subject, and the charge itemized on the trial.    I do not think the objection that the charge was not itemized a fatal one."

As to the point that the claim for extra compensation should have been itemized, doubtless such would be the better practice, although no statute seems to require it, and the rule on the subject only requires that it be " set up as a claim in the statement of account."    County Court Rules of 1879, XVII, sec. 6.    It seems clear that the proper course of the objecting party would have been to move that the claim be itemized or made more definite and certain, or that a bill of particulars be furnished.    Probably, had such a motion been made, it would have been granted. In the absence of such a motion, we would not be justified in rejecting the entire claim now, especially when it appears that it was itemized on the trial.

It is claimed by the executor that the court erred in not allowing $6,000 as extra compensation, because the evidence of all the witnesses examined on the question of the value of the services fixes such value at that sum or more, and therefore the court acted without evidence in placing the value at $3,000.    We cannot adopt this view.    We do not regard this question as standing on the same footing as an action at law for the recovery of the value of services rendered by one person to another.    In the present case the

court is fixing the value of the labor of its own officer in the transaction of the business of the court. The county judge has necessarily more intimate knowledge of the amount, kind, and worth of the labor performed than any one else. While the evidence of experts is helpful and proper to be considered, we do not consider it absolutely binding on the court. The statute expressly says that such extra compensation shall be allowed as the "county court shall judge *reasonable.*" This evidently contemplates that the court shall exercise its sound discretion in the matter, and is not bound to allow exorbitant sums, though there may be evidence uncontradicted which supports such exorbitant charges. The final test is, What does the court, in view of the evidence and its own knowledge of the facts, "judge reasonable?" We think the conclusion reached by the county and circuit courts on the question was right.

2. The widow claims that, upon the filing of her election, she became entitled to one third of the personal property, after first paying debts, funeral expenses, allowances, and such expenses of administration as would have been incurred had F. F. Ford died intestate, and no more; and that the court erred in deducting from the personalty the expenses of the probate of the will and the actions for construction thereof and the actions for procuring partition of real estate, before setting apart her one third. The last-named expenses constitute the greater part of the expenses deducted. The claim, in brief, is that the widow is entitled to one third of the personalty after deducting only the expenses of administering an intestate estate, and not the expenses made necessary in probating and carrying out the provisions of the will. This contention cannot prevail. Upon filing her election to take the provisions made for her by law, instead of the provisions made by the will, the widow becomes entitled "to the same share of his personal estate as if he had died intestate," provided that such

share shall not exceed one third of his *net* personal estate. S. & B. Ann. Stats. sec. 2172. Had F. F. Ford died intestate, she would have been entitled to the same share as a child in the residue of the estate after payment of allowances, debts, expenses of administration, and funeral charges. R. S. sec. 3935, subd. 6. In this case this share would have been one half of such residue, because there was but one child. Were there no proviso in sec. 2172 limiting *Mrs. Ford's* share to one third of the "*net* personal estate," there would certainly be ground for argument that only the debts, allowances, and necessary expenses of administering an intestate estate should be deducted from the personalty before the widow's share should be set apart to her; and that the additional expenses made necessary in order to carry out the provisions of the will should be a charge on the remainder of the personalty after the widow's share had been set apart. The addition of the proviso, however, limiting the widow's share to one third of the *net* personal estate, plainly limits and controls the preceding provision, and makes it necessary to determine only what is meant by "his *net* personal estate." What was the *net* personal estate left by Francis F. Ford? Clearly it was so much personal estate as was left after payment of debts, allowances, and charges, and all the expenses of administration, as well those expenses which were made necessary by the will as those which would have been incident to the administering of the estate had he died intestate. We see no indication in the statute that the legislature intended the net personal estate should be one sum as to the widow and an entirely different sum as to the children. This would make two different " net personal estates " in the same estate. Had the legislature so intended, it would have been very easy to make the intention clear.

The view we have taken renders it unnecessary to consider a question much discussed on the argument, namely,

Ford vs. Ford and another.

whether the widow takes her share of the personal estate as heir or by way of dower or in lieu of dower. There is nothing in the cases of *Leach v. Leach*, 65 Wis. 284, or *Beem v. Kimberly*, 72 Wis. 343, which conflicts with the views above expressed. In neither of these cases was the question as to what sum constituted the "*net* personal estate" raised or considered.

3. By the will the net annual income of the estate is bequeathed one quarter to the widow during life, one quarter to *Marcus*, one quarter to Edward Irving Ford, one eighth each to *Joseph C.* and Henry T. Ford. By the election of the widow to take under the statute, her one-quarter reverted to the estate. The court below adjudged in effect that the widow's one-fourth went to *Marcus*, as the owner of the next eventual estate, and that he was therefore entitled to one half of the net rentals of the estate. The executor claims that the widow's one-quarter should be accumulated into the residuum of the estate. This question is not open for discussion. This question was involved and expressly decided by the circuit court in the matter of the allowance to the family, brought to this court by appeal, and reported in *Ford v. Ford*, 80 Wis. 565. The findings and judgment of the circuit court in that case, as appears from the printed case, were to the effect that *Marcus C. Ford* is entitled, under the terms of the will, to one half of the net income of the estate which is still under the operation of the will. This does not appear in the report of the case, because it was not excepted to nor appealed from by either party, but the entire judgment was affirmed by this court November 17, 1891. It is consequently *res adjudicata.*

4. In the executor's second and third assignments of error he complains of the disallowance of a number of items of attorney's fees and incidental expenses. Some of these were disallowed because incurred in the course of

Ford vs. Ford and another.

a personal action brought by the widow against the executor, and some because not necessarily incurred. After examination of the record, we think the items were properly disallowed.

5. The circuit and county courts both found that the executor had used all reasonable care and diligence in administering the estate, and that it had been impossible to complete the administration thereof within the six years allowed by the statute (R. S. sec. 3850), and therefore refused to remove the executor and appoint an administrator *de bonis non*. It was said in *Scott v. West*, 63 Wis. 529, that an estate is to be administered according to the will, even though a final settlement within six years is thereby rendered impossible. This principle seems decisive of this case, and we hold that under the facts shown the refusal to remove the executor was right.

6. In his fourth assignment of error the executor complains because the circuit court inserted in the account, and allowed as a part of the expenses of administration, a bill of attorney's fees and disbursements incurred by the guardian *ad litem* of *Marcus* in the course of the litigation in this state, and in an action brought for construction of the will in Michigan. None of this litigation was commenced by or on behalf of the minor, but he was a necessary party thereto, and his guardian *ad litem* would have failed in his duty had he not employed counsel to defend and enforce the rights of the minor. He was a ward of the court. He had no property except his prospective interest in the estate, and we think the expenses so incurred stood on the same ground as the compensation of the guardian *ad litem*, and were rightly allowed, not as costs, but as a part of the expenses of settlement of the estate. The expenses incurred by the widow in this litigation, much of which she herself commenced, do not stand on the same footing, and were properly disallowed.

As to all objections on the part of either appellant which have not herein been specifically considered, we think the conclusions of the trial court were right. The taxable costs of each party in this court may be taxed and paid out of the estate.

*By the Court.*— Judgment affirmed on all of the appeals.

PINNEY, J., took no part.