IN RE ASSIGNMENT OF THE H. PENNER COMPANY.

*September 1 — September 22, 1896.*

*Voluntary assignment: Allowances to assignee: Appeal: Evidence.*

1. An order of the circuit court confirming allowances made by a referee as reasonable compensation to an assignee for the benefit of creditors, and to his attorneys, will not be disturbed on appeal where there is evidence to support it.
2. The court is not absolutely bound, in such a case, by the evidence of experts as to the value of the services, but may allow a sum less than that fixed by any of them.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Dalberg & Becher*, and oral argument by *S. W. Dalberg*.

For the respondents the cause was submitted on the brief of *Turner, Bloodgood & Kemper*, attorneys, and *Jackson B. Kemper*, of counsel.

WINSLOW, J. The appellant was the assignee under a voluntary assignment of The H. Penner Company, a manufacturing corporation, from May 16, 1893, until September 30, 1893, when he was removed upon petition of a majority of the creditors. He filed his final account, in which he claimed $750 for his own compensation, and $1,000 as the compensation of his attorneys, besides ten per cent. commission upon about $5,000 worth of accounts collected by them. Objections being filed to these charges, the issues were referred for trial to W. J. McElroy, Esq., who, after a long trial, reported that the sum of $500 was a fair and reasonable charge for the services of the assignee, and that $1,000 and five per cent. upon collections was a reasonable charge for the services of the attorneys. These allowances were confirmed by the court, and the assignee has appealed. The

order of confirmation must be affirmed. There was evidence to support it, and the referee and circuit judge were in far better position to judge of the reasonableness of the charges than this court. Even if the evidence of experts were all in excess of the sum allowed by the court, the court would not be absolutely bound by such evidence. *Ford v. Ford,* 88 Wis. 122.

*By the Court.*— Order affirmed.