MACKIN, Administrator, Appellant, vs. HOBBS and another, Respondents.

*January 14—February 3, 1903.*

*Estates of decedents: Executors and administrators: License to sell realty: Date: Renewal: Limitation: Supreme court: Discretionary orders: When supreme court may enter? Laches.*

1. On May 23, 1898, the county court licensed an administrator with the will annexed to sell real estate for the payment of debts of decedent, but refused license to sell for payment of expenses of administration. On appeal the supreme court held that portion of the order refusing license was erroneous, and, in accordance with the mandate of the supreme court, the county court entered the proper order January 16, 1900. *Held,* that, until January 16, 1900, there was no order and license to sell real estate warranted by the petition and the law, and that the two years, provided by sec. 3889, Stats. 1898, within which the county court might, in its discretion, extend such license, did not commence to run until that date.

2. Under sec. 3889, Stats. 1898 (providing that an order licensing an administrator or executor to sell real estate having been made, the county court making the order may, on application of the administrator or executor and for good cause shown, extend the time for making the sale, but not longer than two years after the date of the original order), the discretion vested in the county court may be exercised at any time within the two-year limit, and after the one year allowed for the sale in the first instance.

3. Where a county court has refused to extend the license granted to an administrator to sell realty solely because the first year within which such sale was directed to be made had expired, and the circuit court on appeal has not attempted to exercise

its discretion over that question, but the facts all appear in the record, the supreme court may properly examine those facts, and decide thereon whether the application should have been granted.

4. On appeal from an order of the county court refusing to extend the license granted an administrator to sell real estate, denied solely because application therefor had been made after the year, within which the administrator had been licensed to sell, had expired, it appeared, among other things, that all debts and legacies had been paid, and that the only unpaid demands were the expenses of administration; that the administrator was appointed in 1893; that until May 13, 1901, except the time between March 2, 1898, when the petition for license was filed, and November 21, 1900, when an injunction restraining the administrator from acting under the license was dissolved, delay was chargeable to the administrator, and that after the dissolution of the injunction the administrator, with nothing to prevent, took no steps to make a sale until May 13, 1901. *Held,* that the administrator was guilty of laches, and, under the circumstances presented, the county court, instead of extending the time, should have compelled an immediate final accounting from the administrator, and entered its final order thereon, assigning the estate, subject to valid charges, to the persons entitled thereto.

[5. Whether under sec. 3850, Stats. 1898 (providing that the county court may extend the time for the settlement of a decedent's estate, "but in no case shall the time be extended beyond six years from the time of granting letters testamentary or of administration"), the administration of an estate is wholly terminated at the end of six years, not decided.]

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

*Mackin* was appointed administrator with the will annexed of the estate of Patrick Madden, deceased, in 1893. Said estate consisted almost exclusively of a parcel of land, to which the widow of the testator was entitled, in possession, during her life, and which, after her death, was devised one-half, clear of incumbrances, to a son, Philip, certain money legacies out of the land to others, and the residue after payment of debts, to Mary Ann Brown. Debts were proved to a

small amount. The several legatees joined in making a mortgage upon the land to the defendant *Hobbs,* and, later, in conveyance of the entire equity to defendant *McCullough.* Thereafter, in 1898, the administrator applied for license to sell the interest of the residuary devisee, Mary Ann Brown, in the real estate, for the payment of debts and expenses of administration, but did not give personal notice to either *Hobbs* or *McCullough.* The county court issued license to sell for payment of debts, but not for payment of expenses of administration. On appeal from that order through the circuit court to this court, that portion refusing the application for authority to sell for payment of expenses of administration was held erroneous, and was reversed (*In re Madden's Will,* 104 Wis. 61, 80 N. W. 100), and the cause was finally remitted to the county court, with directions to modify the previous order so as to authorize sale for both purposes; and an order for such modification was entered in the county court on January 16, 1900. *Hobbs* immediately thereafter commenced action to foreclose his mortgage, and procured temporary injunction restraining the administrator from selling, assigning, or in any manner interfering with any of the real estate, which order continued until that action was dismissed as to the administrator in November, 1900. January 21, 1901, the circuit court entered a "stay of proceedings" for sixty days under the foreclosure judgment. On May 23, 1901, more than one year after the modification of the order for sale of real estate, and more than three years after entry of the original erroneous order, the administrator applied for an extension of time for sale to January 16, 1902. This order was denied by the county judge, with the recitation in the order that it appeared that the application was not made within a year from the date of the license, to wit, January 16, 1900. The administrator appealed to the circuit court from this order, and that court, after filing an extended opinion, making apparent that he considered the true date of the license

to sell to have been May 18, 1898, and that no power existed to extend such license beyond two years from that date, affirmed the order of the county court. From such judgment of the circuit court the administrator brings this appeal.

For the appellant there was a brief by *Duffy & McCrory*, and oral argument by *J. H. McCrory*.

For the respondents there was a brief by *E. Blewett*, and oral argument by *Mr. Blewett* and *Mr. D. D. Sutherland*.

Dodge, J.   The questions of law discussed by the circuit court were numerous, and some of them quite immaterial to the final conclusion which we have reached upon the questions presented upon this appeal, which seems to us to dispose of those questions in the most direct and final manner; hence but few subjects discussed by counsel will need review in this opinion.

We deem it entirely plain that the county court was right in holding that the date of the license to sell real estate was January 16, 1900, and not May 23, 1898.   This court, upon the former appeal, decided that the attempted order of May 23, 1898, was not that which it was the duty of the county court, under the law, to enter in response to the petition presented by the administrator, and never until the return of the *remittitur* from the circuit court directing modification in accordance with the decision of this court, nor until the order of the county court carrying such directions into effect, was there made the order and license to sell real estate warranted by such petition and the law.   Hence, under that license, assuming, but not deciding, jurisdiction to have existed to enter it, appellant was authorized to sell the real-estate interest of Mary Ann Brown in the manner prescribed by statute within one year from January 16, 1900, and up to such later date as might be fixed by extension by the county court in its discretion, not exceeding two years from January 16, 1900.   Sec. 3889, Stats. 1898.   We, however, disagree with the county

court in its next conclusion,—that in May, 1901, when the administrator applied for such extension, its power to consider and exercise its discretion over the propriety of granting it no longer existed, merely because the first year had expired. We find nothing in the statute which required that such extension be granted during the one year allowed for the sale in the first instance, and there is no good reason why, within the two-year limit, the discretion broadly vested in the county court by sec. 3889, Stats. 1898, to permit sale under the original license may not be exercised. The county court should, therefore, upon the administrator's application in May, 1901, have considered the propriety of granting the extension requested in the light of the facts then existing. This it did not do, nor has the circuit court attempted at any time to exercise discretion over that question. Had either court done so, we should probably have felt constrained to adhere to the conclusion it reached, unless we deemed such discretion to have been abused. In the absence of such guide, but having the facts all before us, we have decided to examine those facts, and decide thereon as to whether appellant's application ought to have been granted.

The situation then presented may be summarized as follows: All debts and legacies having been paid, the administrator was the only person to be convenienced or benefited by a sale under authority of the county court. The protracted delay in taking this step from July, 1893, to May, 1901, was all chargeable to the administrator, except that beween his application for license, March 2, 1898, and dismissal of the injunction against him, November 21, 1900. From the last-named date to May 13, 1901,—a period of nearly six months,—the administrator, with nothing to prevent, had neglected to take any steps to make the sale, which might have been made within a month from such dismissal of injunction. At the time he applied to the court to intervene in his behalf he was, therefore, involved in such serious laches

as to have no strong equity. At that time, too, the six-year limit had been passed, beyond which the county court is, by sec. 3850, Stats. 1898, prohibited from granting further express extensions of time for settlement. Whether that statute is so drastic and self-executing as to wholly terminate the administration, as intimated in *In re Pierce,* 56 Wis. 560, 14 N. W. 588, or whether power is still left in the county court to complete the settlement of the estate, so that the will and the law of descent and distribution may have effect, as seems to be indicated in *Scott v. West,* 63 Wis. 529, 555, 24 N. W. 161, 25 N. W. 18, and *Ford v. Ford,* 88 Wis. 122, 134, 59 N. W. 464, still there can be no doubt that it declares a legislative policy in favor of closing estates within the six years, upon which county courts should permit no infringement not strictly necessary to accomplish the assignment and distribution of the property to those entitled. Beyond that period estates should not be kept open to enable county courts to take steps which can well be taken elsewhere after the final order has been made. At the time under discussion there remained but two steps essential to the complete settlement of the estate which could only be performed by the county court. Those were the settlement of the accounts of its officer, the administrator, and the assignment of the real estate to those entitled under the will. The only remaining charge upon that real estate was for expenses of administration, made in the will by necessary implication from the charge to pay debts. *In re Madden's Will,* 104 Wis. 61, 80 N. W. 100. This burden might be discharged in several ways. The expenses might be paid by the devisee. The property might be sold under order of the county court as a step in the settlement of the estate, and the expenses paid from the proceeds; or that charge, like any other upon real estate, can be enforced by a court of general equity jurisdiction. Doubtless it is better generally that the whole matter should be ' disposed of in county court, but that is not absolutely necessary, and its ad-

visability should yield to so strong a countervailing consideration as the definite statutory policy declared in sec. 3850, Stats. 1898. We are convinced that the county court, instead of breaching that policy by granting extension, as asked, for another eight months, ought to have compelled the administrator to immediate final accounting, and entered its final order thereon, assigning the real estate to the devisees or their assigns, subject to a charge upon the interest given to Mary Ann Brown for the amount of the expenses of administration, as ascertained, in deference to the decision of this court upon the former appeal, *ubi supra;* which, whether binding the purchasers *pendente lite* as *res adjudicata,* would, of course, guide the county court as a rule of law supported by *stare decisis.* Hence, albeit upon entirely different grounds, and without adopting or affirming the various legal conclusions of the courts below further than as expressly stated, we reach the conclusion that the administrator's application for further extension of time ought to have been denied, and that the order to that effect should stand.

*By the Court.*—Judgment affirmed.