HINMAN and others, Respondents, vs. HINMAN, imp., Appellant.

*October 26—November 14, 1905.*

*Partition of lands: Action by heir: Administrator's right to possession*

1. The permissive right of an administrator to take possession of all realty pending the settlement of the estate does not, at least until exercised, constitute an intervening estate, so as to make that of an heir merely one in remainder or reversion.

2. Where, in an action for partition commenced more than six years after the death, intestate, of the ancestor from whom the lands descended to the parties, the facts are stated upon which sec. 3101, Stats. 1898, authorizes the action, and it does not appear that any administrator or any debts of the ancestor exist, and it is further alleged that no person other than the parties has any estate or interest in the premises, the complaint cannot be

held insufficient on demurrer because of any presumption of an administrator's right to possession.

3. Under our statutes (Stats. 1898, sec. 3101 *et seq.*) an action for partition of lands may at least be instituted by an heir, notwithstanding the pendency of administration of his ancestor's estate.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Appeal from order overruling demurrer to a complaint for partition, alleging that plaintiffs and the defendant *A. H. Hin-. man* are tenants in common of about 320 acres of land in Winnebago county, descended to them from Lorenzo Hinman, who died intestate September 16, 1896, two of the plaintiffs being the children and heirs at law of one of the sons of said decedent, their father having died intestate in Oklahoma Territory since said Lorenzo; that the defendant Marion A. Hinman is the widow of said Lorenzo and entitled to right of·homestead in said premises; that no other premises in the state are owned, jointly or in common, by the parties hereto; and that no other person has any estate or interest in said premises. The prayer is for partition, ascertainment of the homestead and dower rights of Marion A. Hinman and of the plaintiff *Virginia Hinman,* mother of the other plaintiffs; also for sale, if partition be not possible, and for an accounting of the rents, issues, and profits received by the defendants since the death of Lorenzo Hinman. The demurrer was upon the grounds (1) that the court had no jurisdiction, and (2) that the complaint does not state facts sufficient to constitute a cause of action.

For the appellants there were briefs by *Mott & Mott,* attorneys, and *Barbers & Beglinger,* of counsel, and oral argument by *Chas. Barber.* They contended, *inter alia,* that a petition for the partition of lands is prematurely brought when they belong to the estate of a deceased person and it does not appear that the settlement of the estate has been closed

and the administration account settled. *Beecher v. Beecher,* 43 Conn. 556, 560; Freeman, Cotenancy & Partition, § 454; *Hubbard v. Ricart,* 3 Vt. 207, 23 Am. Dec. 198, 200, note.

For the respondents there was a brief by *Phillips & Hicks,* and oral argument by *E. R. Hicks.*

DODGE, J. Whatever limitations existed under old equity rules upon a suit for partition, such suit is maintainable in Wisconsin in the cases where expressly authorized by our statute. Sec. 3101, Stats. 1898, provides:

"All persons holding lands as joint tenants or tenants in common may have partition thereof by civil action in the manner provided in this chapter. Such action may be maintained by any person who has any estate in possession of the lands of which partition is sought, but not by any one who has only an estate therein in remainder or reversion."

The complaint alleges that the plaintiffs are such tenants in common and have an estate in possession. It also denies that any person other than the defendants, not including any administrator, have any estate or interest in the premises. It is difficult, therefore, to see any escape from the conclusion that they state a right under the statute to partition. Substantially the only contention to the contrary is based upon the fact appearing by the complaint that the plaintiffs' title is by descent from Lorenzo Hinman, their grandfather, through his son Walter M. Hinman, plaintiffs' father, now deceased, resident in Oklahoma. Apparently the defendants' contention is that, until settlement of the grandfather's estate, there can be no estate in possession in his heirs at law, because of the administrator's right to possession under certain circumstances. Real estate descends to the heir immediately upon decease of its owner, and no intervention of court or administrator to take intermediate title, as in the case of personal property, is necessary. *Marsh v. Waupaca Co.* 38 Wis. 250. Our statute (sec. 3823, Stats. 1898) has given a very

limited right to an administrator to take possession of the real estate, but imposed no duty on him, except when its rents and profits are necessary in the settlement of the estate.    It has been held that if there are no debts he has no right to take possession.    *Flood v. Pilgrim,* 32 Wis. 376.    Also, that the right under the section above cited, until exercised, does not constitute an estate in possession, but that the heir may sue in ejectment.    *Jones v. Billstein,* 28 Wis. 221; *Marsh v. Waupaca Co., supra; Wis. T. Co. v. Chapman,* 121 Wis. 479, 486, 99 N. W. 341.    The exact question here presented was considered and decided in *Campau v. Campau,* 19 Mich. 116, under statutes identical with, and the origin of, our own on these subjects.    We deem it entirely clear, both on reason and authority, that the permissive right of an administrator to take all real estate pending the settlement of the estate, certainly until exercised, does not constitute an intervening estate, so as to make that of the heir merely one in remainder or reversion. In the complaint before us there is not only no allegation that an administrator is in the possession of the premises, but not even any that an administrator exists or that any debts of the deceased ancestor exist.    Indeed, the presumption, after nine years from the death, would be in favor of a completed settlement of that estate, in view of our statute which prohibits more than six years' protraction thereof.    Sec. 3850, Stats. 1898; *In re Pierce,* 56 Wis. 560, 14 N. W. 588; *Mackin v. Hobbs,* 116 Wis. 528, 93 N. W. 462.    Besides, the allegation of the complaint that no other person has any estate or interest in the lands would seem to deny the possibility of either possession or right of possession by an administrator.    Hence we may conclude that nothing appears upon the face of the complaint to refute or impair the absolute right to maintain an action in partition upon the facts stated therein.

The view taken in many jurisdictions, that an heir cannot maintain partition during the pendency of the settlement of his ancestor's estate, for the reason that confusion and com-

plications may so arise, must yield to the express provision of
our statute giving the right without any such limitation, espe-
cially in view of the fact that the very complications and diffi-
culties which have led such courts to their conclusions were
apparently in the contemplation of the legislature, and pro-
vision made for administration in the partition suit by stay
or postponement, by the bringing in of new parties, or by the
giving a bond, in case of sale, to meet all such difficulties and
provide for the protection of rights arising in the course of the
administration proceedings. Thus, by sec. 3102, defendants
may have the complaint amended to bring in other lands.
By sec. 3103, creditors or lienholders need not be made par-
ties originally, but may be brought in if their presence be nec-
essary; and further provision for other interests is made by
secs. 3106 and 3120, while by sec. 3136 the recipient of any
proceeds of sale may be required to give security for the re-
turn thereof. The circuit court rules (Rule XXVII, sec. 2)
make still further detail provision for such administration
as will protect the rights of all in interest. These provisions
clearly evince a legislative intent that the action may at least
be instituted, notwithstanding the mere pendency of adminis-
tration.

*By the Court.*—Order overruling demurrer is affirmed.

KERWIN, J., took no part.