## WILLARD and another vs. REAS and another.

VENDOR AND PURCHASER: (1.) *Waiver of vendor's lien.*
PRACTICE: (2.) *Multifariousness.* (3.) *Joint demurrer to complaint for insufficiency.* (4.) *Demurrer to complaint for excess of parties plaintiff.*

1. One who, on selling land (or assigning a contract for the sale thereof), accepts a warranty deed of other lands in payment of a part of the purchase price, cannot claim a vendor's lien for that part of the price, on the ground that such deed does not convey a good title; the acceptance of the deed being a waiver of such lien.
2. The union of allegations which do *not* show a cause of action with others which do, cannot, in any case, render a complaint multifarious.
3. Where a complaint shows a cause of action against one of two defendants, their *joint* demurrer for insufficiency is bad.
4. A demurrer to the complaint for *excess* of parties plaintiff is bad, if one of them is entitled to a *separate* judgment.

APPEAL from the Circuit Court for *Winnebago* County.

Action by *A. C. Willard* and his wife *Albina M. Willard* against *Hannah Reas* and *Charles E. Bingham*. The complaint demanded judgment : 1. That *A. C. Willard* recover of *Mrs. Reas* $1,500, with interest, being the value of a certain land contract which *Mrs. Willard* had assigned to *Mrs. Reas* in payment for certain lands conveyed by *Mrs. Reas* to *A. C. Willard* by warranty deed, to which lands, it is alleged, *Mrs. Reas* had no title. 2. That *Bingham* be directed to assign to the sheriff of Winnebago county (or such person as the court should direct), said land contract, and that the same be sold under direction of the court, and the proceeds of the sale applied to the payment of said judgment. *Bingham* was made a defendant on the ground that *Mrs. Reas* had assigned said land contract to him, in secret trust for herself, without any consideration, with knowledge and in fraud of plaintiffs' rights.

The defendants demurred jointly to the complaint for insufficient facts and for misjoinder of causes of action ; and appealed from an order overruling the demurrer.

*C. Coolbaugh & Son*, for appellants, argued that the complaint united an action against *Mrs. Reas*, for breach of a covenant in her warranty deed, with an action against *Bingham* as trustee ; and that two such causes of action cannot be joined. R. S. ch. 125, secs. 29, 30 ; *Alger v Scoville*, 6 How. Pr. 141 ; *Dewey v. Ward*, 12 id. 422 ; *Colwell v. R. R. Co.*, 9 id. 311 ; *Tompkins v. White*, 8 id. 520 ; ALLEN, J., in *Hunter v. Powell*, 15 id. 223 ; *Faesi v. Goetz*, 15 Wis. 231. 2. The complaint does not show any cause of action in favor of *Mrs. Willard* jointly with her husband, or that she is a necessary party to the action ; and is demurrable on that ground. *Mann v. Marsh*, 21 How. Pr. 371 ; *Walrath v. Handy*, 24 id. 353 ; 35 Barb. 68.

*Moses Hooper*, for respondents, argued that the complaint purported to set out only one cause of action,

viz.: for a vendor's lien on the land contract assigned by *Mrs. Willard* to *Mrs. Reas*; that the allegations as to *Bingham* were merely to show that the contract was subject to the lien in his hands; that the prayer for judgment was not subject to demurrer, but an appropriate judgment would be given without reference to the prayer (*Mitchell v. Smith*, 14 Wis. 564; *Beale v. Hayes*, 5 Sandf. 640; *People v. Mayor*, 8 Abb. 7; *Emery v. Pease*, 20 N. Y. 62); and that a joint demurrer, if not good as to all the demurrants, is good as to none (28 Barb. 240; 8 Abb. 7).

COLE, J.  The chief object of this suit doubtless is, to enforce a vendor's lien against the land embraced in the contract executed by one Drew to *Mrs. Willard.* This contract was sold and assigned to *Mrs. Reas*, in consideration of and in payment for eighty acres of land in Missouri, which *Mrs. Reas* conveyed to the plaintiff *A. C. Willard* by a deed with covenants of warranty.  It is alleged in the complaint, that at the time the contract was assigned to *Mrs. Reas*, and this deed executed, she represented that she was the absolute owner in fee of the land conveyed by her, while in fact she was not the owner of the same or of any part thereof.  But there is no allegation that *Mrs. Reas* made these representations in respect to the title fraudulently, knowing them to be untrue, and the action does not proceed on the ground of fraud.  But because *Mrs. Reas* did not or could not by her deed give a good title to the Missouri lands, and consequently because the consideration for the assignment of the contract has failed to the extent of fifteen hundred dollars, a vendor's lien to that amount is sought to be enforced against the land embraced in that contract.

We are at a loss to perceive upon what principle the plaintiffs in the action, or either of them, are entitled to this relief.  It is a very familiar doctrine, that where land is sold and conveyed, a part or all of the

purchase money remaining unpaid, equity will recognize and enforce a lien on the land in favor of the vendor for the unpaid purchase money. This lien results from the fact that the purchase money is unpaid, and equity will hold the land as security for the debt due the vendor. To the extent of the lien the vendee is deemed clothed with the legal title as trustee for the vendor. And so the authorities quite uniformly say that the vendor has, in all cases, upon the sale of real estate, an equitable lien upon the estate sold for the unpaid purchase money as between him and the vendee, unless there is either an express or implied agreement to waive such lien. 2 Story Eq. Jur. §§ 1217 et seq.; *Bradley v. Bosley*, 1 Barb. Ch. 125; *Clark v. Hall*, 7 Paige, 382; *Sears v. Smith*, 2 Mich. 244; *Brush v. Kinsley*, 14 Ohio, 20; *Sparks v. Hess*, 15 Cal. 186. But where no credit is given, the vendor receiving what is deemed and treated as a full payment of the consideration, this, it appears to us, necessarily amounts to a waiver of the lien. Suppose, in this case, *Mrs. Willard* had assigned the contract in consideration of personal property delivered in payment, and the title to this property had for some reason afterwards failed in her hands; would a court of equity give her a lien? It appears to us, not. It is true, in that case *Mrs. Reas* would be liable on the implied warranty of title; but would a lien exist? In the case before us, land was taken in satisfaction of the price of the land contract. Did not this extinguish any implied lien for the purchase money? Chancellor KENT, on a review of the authorities, lays down the rule that taking a note, bill or bond with distinct security, or taking distinct security exclusively by itself, either in the shape of real or personal property, from the vendee, or taking the responsibility of a third person, is evidence that the seller did not repose upon the lien, but upon independent security, and it discharges the lien. 4 Kent, *153. According to the

complaint, the agreement was that *Mrs. Willard* should assign the land contract to *Mrs. Reas*, in consideration that the latter should convey by full warranty deed the eighty acres in Missouri to the plaintiff *A. C. Willard.* It appears to us that this was a clear waiver of the lien by *Mrs. Willard*, and that if there is any failure of title, her husband is remitted to his action upon the covenants in the deed.

So, upon the facts stated, no vendor's lien exists, and the complaint was not bad on the ground that several causes of action were improperly united therein. For the union of allegations which do not show any ground for relief with others which are sufficient, will not render a complaint multifarious. *Bassett v. Warner*, 23 Wis. 673.

The other ground of demurrer was, that the complaint did not state facts sufficient to constitute a cause of action. This was a joint demurrer by both defendants. So far as *Mrs. Reas* was concerned, there was most certainly a good cause of action stated against her in favor of *A. C. Willard*, upon the covenants of the deed. And while there is no cause of action stated against the other defendant, yet as the demurrer was joint, and not good to the whole extent, it must fail. The defendant *Bingham* should alone have demurred that the complaint stated no cause of action as to him. But by uniting with the other defendant, unless the demurrer is good as to both, it is good as to none. *Peabody v. Washington Co. Mut. Ins. Co.*, 20 Barb. 339; *People v. Mayor of N. Y.*, 28 id. 240. And the above authoritiess how that *Mrs. Reas* could not have demurred to the complaint on account of excess of parties plaintiff, if one of them might have judgment separately against her.

It follows from these views that the demurrer was properly overruled.

*By the Court.*—Order affirmed.