FLOOD, Adm'r, vs. PILGRIM.

ADMINISTRATOR. *His right to possession of the real estate.*

1. Under our statute (R. S., ch. 100, sec. 7), which declares that the executor or administrator shall have a right to the possession of all the real estate of the deceased, and may receive the rents, issues and profits thereof "until the estate shall have been settled, or until delivered over by the county court to the heirs or devisees," it is not necessary, in order to deprive the executor or administrator of the right of possession, that the estate should have been settled by formal proceedings in the county court. Where there are no debts due from the estate, no claims against it, and no personal property belonging to it, and the real property has passed into the possession of the devisees, and those claiming under them, the executor or administrator has no longer any right to the possession.

Flood, Adm'r, vs. Pilgrim.

2. In such a case, if the real property has been conveyed by one claiming to act as guardian of the minor devisees, under a license from the county court, the administrator cannot bring an action to try the validity of such conveyance, but it must be brought by the devisees, in their own name or by guardian, as the case may be.

3. LYON, J., is of opinion that where there is no personal property of the decedent remaining, and no debts due to his estate or claims against it, there is no estate to be administered, and the appointment of an administrator is not only unnecessary, but of doubtful validity. But *quære* whether such an appointment would not be an adjudication by the county court that there is an estate, valid until reversed on appeal.

APPEAL from the Circuit Court for *Milwaukee* County.

Action by the plaintiff as administrator to recover certain lands in the county of Waukesha. In 1863 one Nicholas Nedley died seized of these lands. By his last will, which was duly probated, he devised these lands to his children — that is, a life estate therein to one child, with remainder over to two others. The person named as executor in the will did not qualify, and there was no administration upon the estate until in May, 1872, when the plaintiff was appointed administrator thereof with the will annexed. All of the real estate of the testator was disposed of by his will. It does not appear that he had any personal property at the time of his death; but if he had any, it had all disappeared long before the plaintiff was appointed administrator. At that time it does not appear that there were any debts or demands against the estate or due to it.

In 1865, under the authority of a license granted by the circuit court, the widow of the testator, assuming to act as the special guardian of the devisees (who were minors), conveyed or attempted to convey the lands in controversy to the defendant, who took possession thereof by virtue of such guardian's deed.

It is claimed that such deed is void for several reasons, and conveyed no title to the defendant. It is unnecessary, in view

of the grounds upon which the case is decided, to state those reasons.

This action was brought to test the validity of that deed, and to establish the title of the devisees to the land.

The circuit court directed a verdict for the defendant; and from a judgment against him entered pursuant to the verdict, the plaintiff appealed.

*Howard & Thompson*, for appellant.

*J. F. McMullen* and *G. W. Lakin*, for respondent, argued, among other things, that sec. 7, ch. 100, R. S., is designed only to give the administrator possession of the property during the progress of the settlement of the estate, and does not apply to a case like this; and they cited R. S., ch. 97, secs. 33–38, as showing conclusively the legislative intent that where the devisees or heirs have taken possession, they shall not be liable in the first instance to be ousted at the will of the executor, even if debts should be established against the estate, but are simply held to contribute, and ample powers are given the court to enforce contribution.

[The arguments of the respective counsel were addressed mainly to questions affecting the validity of the guardian's sale.]

LYON, J. I. At the time the plaintiff was appointed by the probate court administrator of the estate of Nicholas Nedley, deceased, there was no such estate. The title to the real estate of the testator had passed, by virtue of the probate of his last will and testament, to the devisees therein named, and there was no personal property left which had belonged to the deceased in his lifetime. There is no pretense that there were any debts or claims chargeable against or due to the estate. In a word, there was nothing to administer; and the appointment of an administrator was entirely unnecessary. More than this. I am strongly inclined to think that such appointment was absolutely null and void. The statute only confers upon the

cou nty court power to appoint an administrator *of an estate;* and where there is no estate, it would seem very clear that no such power can exist. But it may be that the county court has adjudicated that there was then such an estate, in which case, probably, such adjudication would be conclusive.

II. But, conceding that the county court had power to do so, and that the plaintiff is the lawful administrator of the estate of Nicholas Nedley, deceased, the result is the same. The only authority for bringing this action which can be invoked with any reasonable show of success by the plaintiff, is the following provision of the R. S., ch. 100, sec. 7 : " The executor or administrator shall have a right to the possession of all the real as well as personal estate of the deceased, and may receive the rents, issues and profits of the real estate *until the estate shall have been settled,* or until delivered over, by order of the county court, to the heirs or devisees."

As a matter of course, no executor or administrator can successfully assert the right to the possession of the real estate of a testator or intestate under this statute, if such estate has been settled ; and if the right does not exist under the statute, it does not exist at all ; for at the common law the executor or administrator had nothing whatever to do with the real estate of which the testator or intestate died seized. *Jones v. Billstcin,* 28 Wis., 221.

This estate had been settled long before letters of administration were granted to the plaintiff. True, it had not been settled through the instrumentality of formal proceedings in the county court ; and the statute does not, in terms, require that it should have been so settled in order to cut off the right of the administrator to the possession of the land. The intent doubtless is, to place the whole estate, real and personal, in the possession and under the control of the executor or administrator in proper cases to enable him to pay debts against the estate and legacies. Where there are no such debts or legacies to be paid, there is no valid reason why the executor or administra-

Flood, Adm'r, vs. Pilgrim.

tor should have the possession of the real estate. Hence the provision that if the estate is settled, that is, if there are no claims against it, none in its favor, no personal property belonging to it, and the real property which once constituted a portion of it has passed into the possession of the devisees thereof and those claiming under them,— the executor or administrator has no longer any right to the possession of the real estate. To hold that the statute is not applicable to this case because those results were not worked out through the slow and expensive processes of administration, and probate orders and decrees, would be to sacrifice substance to mere form, and to disregard entirely the plain and obvious intention of the statute. The equities of this case are not sufficiently strong in favor of the plaintiff to tempt me to do this. I think, therefore, conceding the plaintiff to be the lawful administrator, that the undisputed facts in the case demonstrate that he is not entitled, as such administrator, to the possession of the land in controversy.

III. The real object of this action is to determine whether the title of the devisees to the land in controversy, which they took under the will of their devisor, was divested by the alleged conveyance executed by the guardian of such devisees to the defendant. This is a question in which the administrator of the estate of Nicholas Nedley, *as such*, has not the slightest interest. It is no part of the legal functions of an executor or administrator to vindicate the title of devisees to lands devised by the testator, especially if such title has been clouded or complicated by acts which occurred long after the same vested in the devisee under the will, and to subject the estate to the expenses thereof, as he necessarily must if he does so. If the administrator, as such, may maintain this action to establish the title of these devisees as against the defendant, why may he not maintain an action to get rid of a tax title on the same land executed since the probate of the will, or to remove any other cloud from the title of the devisees to such land, which accrued after they became the

owners thereof? And if so, why not at the expense of the estate?

If those devisees think that the person who assumed to act as their guardian, and as such guardian to convey the land in controversy to the defendant, had no lawful authority to do so, they may bring actions, in their own names or by guardian as the case may require, to settle that question. But I can perceive no good reason for resorting to the process of an expensive and unnecessary administration to work out the same result; and I know of no authority of law for so doing.

I conclude that the circuit court properly directed a verdict for the defendant, and that the judgment appealed from should be affirmed.

*By the Court.*— Judgment affirmed.