MARSH and others VS. THE BOARD OF SUPERVISORS OF WAU-
PACA COUNTY and another.

ACTION: PARTIES PLAINTIFF. (1, 2) *When action touching real estate should
be brought by the heir, and not by the administrator.*
DEMURRER: (3) *Does not reach excess of parties plaintiff.*

1. On the death of an intestate, his lands descend immediately to his heirs,
and they are the proper persons to bring an action (like the present)
to set aside a tax sale of the lands, and restrain the issue of deeds
thereon.

[2. The administrator of the estate takes no interest in the land, except
the mere right of possession pending the administration (R. S., ch.
100, sec. 7); and until such possession is taken, the heirs may main-
tain ejectment for the land. 28 Wis., 22.]

3. The administrators having improperly joined with the heirs in bring-
ing this action, such *excess* of parties plaintiff cannot be reached by
demurrer (*Willard v. Reas*, 26 Wis., 540); but the averments of the
complaint concerning the administration of the estate would proba-
bly be stricken out (on motion for that purpose) as irrelevant and re-
dundant. *Saveland v. Green*, 36 Wis., 612.

APPEAL from the Circuit Court for *Waupaca* County.

Action to restrain the issue of tax deeds, and to set aside the
sale of the lands described in the complaint for the taxes
assessed thereon in 1871, and to set aside and cancel the certi-
ficates of such sale, because of certain alleged irregularities in
the assessment and other proceedings preliminary to such sale.

The only portion of the complaint necessary to be set out at
length is the first paragraph, which is as follows:

"The above named plaintiffs complain of the above named
defendants, and allege and show to this court that Samuel
Marsh was, on the 1st day of January, 1871, a resident of the
city, county and state of New York, and continued to reside
in said state up to the time of his death as hereinafter stated;
that at the time last aforesaid, the said Samuel Marsh was the
owner in fee simple of the lands and real estate hereinafter
described, and continued to be the owner thereof up to the time

of his death; that the said Samuel Marsh died on or about the 30th day of November, 1872, intestate, leaving as heirs-at-law of his estate and effects, the above named plaintiffs *Elizabeth C. Marsh, Mary F. Ames, Adeline M. Merriam, Mary M. Kelley,* and *John J. Marsh;* that on or about the 10th day of July, 1873, the said plaintiffs *John J. Marsh* and *Thomas E. Stillman* were duly appointed administrators of the estate and effects of the said Samuel Marsh, by the county court of the county and city of New York, said court having full jurisdiction therefor; that letters of administration were, on or about the day last aforesaid, duly issued to the said *John J. Marsh* and *Thomas E. Stillman,* as administrators as aforesaid, who duly accepted the said appointment, and entered upon the discharge of their duties as administrators; that on January 1st, 1871, and until his decease, the said Samuel Marsh was, and that since the death of said Samuel Marsh the said plaintiffs have been, and now are, the owners in fee simple of the said lands and real estate hereinafter described, and entitled to the control and possession thereof, and liable for the payment of all taxes legally levied and assessed upon the following described lands situate in the county of Waupaca, in the state of Wisconsin," etc.

A demurrer to the complaint was sustained; and plaintiffs appealed from the order.

*Sloan, Stevens & Morris,* for appellants:

1. The complaint, alleging that the plaintiffs were owners, states a cause of action in their individual capacity, and the addition of "administrators" is merely *descriptio personæ. Iowa Co. v. R. R. Co.,* 24 Wis., 93; *Sanford v. McCreedy,* 28 id., 103; *Bridgeport Savings Bank v. Randall,* 15 id., 541; *Robbins v. Gillett,* 2 Chand., 96; *Merritt v. Seaman,* 6 N. Y., 168; *Butterfield v. McComber,* 22 How. Pr., 150; *Root v. Price,* id., 372; *Henshall v. Roberts,* 5 East, 150. 2. A demurrer for excess of parties cannot be sustained. *Willard v. Reas,* 26 Wis., 540; *Peabody v. Ins. Co.,* 20 Barb., 339; *People v. Mayor, etc.,* 28 id., 240.

*F. F. Wheeler* and *E. L. Browne,* for respondents:

1. Foreign administrators, before they can bring an action in this state, must file in some county in the state an authenticated copy of their appointment; and their complaint should show that fact. Tay. Stats., 1720, §§ 25, 26, and 1282, §§ 24, 25; 1 Wait's Pr., 108, § 3; *Johnson v. Wilson*, 1 Pin., 65; Monell's Pr., 316; *Moir v. Dodson*, 14 Wis., 279. 2. The officer granting letters of administration is one of limited powers and jurisdiction, and can grant no authority beyond his own state. 2 Kent's Com., 432, note (*c*). 3. Even domestic administrators bringing suit must state the time and place of their appointment. 2 Burr. Pr., 87; 3 id., 561; *Beach v. King*, 17 Wend., 197; *Gillett v. Fairchild*, 4 Denio, 80; 1 Tiff. & Sm. Pr., 349 4. The plaintiffs' counsel, having elected to make the administrators parties, cannot claim the benefit of that, and at the same time ask that their presence be disregarded as that of unnecessary parties.

LYON, J. Unlike the case of *Magee v. The Board of Supervisors of Waupaca County*, decided herewith (*ante*, p. 247), the complaint in this case attempts to make the administrators of the estate of Samuel Marsh, deceased, plaintiffs in their representative capacity. The only objection taken to the sufficiency of the complaint is, that it contains no averment that the administrators have filed an authenticated copy of their appointment in some county in this state. If such administrators are necessary or proper parties to the action, the objection seems to be well taken. *Moir v. Dodson*, 14 Wis., 279. But we perceive no good reason for making them parties in their representative character. The action is to remove a cloud upon title to land, and the owners of the land are, of course, the proper plaintiffs. The complaint shows that the plaintiffs who sue in an individual capacity are such owners. On the death of Samuel Marsh, intestate, the lands described in the complaint descended immediately to his heirs, and the administrators subsequently appointed took no interest therein except the mere

right of possession pending the administration. R. S., ch. 100, sec. 7. Until that right is asserted and possession taken, the heirs may maintain ejectment for the land. *Jones v. Billstein*, 28 Wis., 221, and cases cited.

The owners of the lands in question being plaintiffs in this action, the real difficulty is, that there is an *excess* of plaintiffs. But that is a difficulty which cannot, in general, be reached and corrected by a demurrer. *Willard v. Reas*, 26 Wis., 540, and cases cited. The exception to this rule is where a wife is improperly joined with her husband as plaintiff. *Read v. Sang*, 21 id., 678. The grounds of the exception will be found stated in the opinion of that case by DIXON, C. J., and need not be repeated here. The averments in the complaint concerning the administration of the estate of Samuel Marsh would probably be stricken out on motion as irrelevant and redundant. *Saveland v. Green*, 36 Wis., 612.

It follows that the order sustaining the demurrer must be reversed, and the cause remanded for further proceedings.

*By the Court.* — It is so ordered.

RYAN, C. J., took no part in the decision of this cause.