McManany, Administrator, Appellant, vs. Sheridan, Respondent.

*February 23 — March 22, 1892.*

*Wills: Vesting of estates: Conditions: Right of executor to possession of land.*

1. A testator, after certain legacies, left the residue of his estate to his only son T., whose whereabouts were then unknown, but directed that in case T. should not be heard from within ten years the prop-

McManany vs. Sheridan.

erty should go to the testator's nephews and nieces. *Held,* that the will vested in T. a present estate in fee in the lands of the testator. The condition upon which the land was devised to him, if valid, is one upon which the estate of the nephews and nieces, and not the estate of T., depends for its inception.

2. Shortly after the testator's death the defendant, the wife of T., obtained a decree of divorce by the terms of which the title to certain land thus devised to T. was vested in her absolutely. *Held,* that she thereby acquired all the estate which T. had in said land.

3. There being sufficient personal property and money in the hands of the executor to pay all debts of the testator and all legacies, and the defendant being in possession of the land the title to which was vested in her by the decree of divorce, it is *held* that the executor is not entitled to possession thereof as against her, although the estate is not settled.

APPEAL from the Circuit Court for *Vernon* County.

Ejectment for about sixty acres of land. The action was tried by the court, and the facts were all stipulated. It appears that the land in question was owned by one Arthur Sheridan up to the time of his death, which occurred November 29, 1888; that he left a will which was duly probated, by the terms of which, after directing payment of his funeral expenses and debts, he bequeathed $25 to St. James Catholic Church at Rising Sun, and bequeathed $25 to be paid annually by his son or, in his absence, by his executor to the priest of said church, for saying one mass every month for the repose of testator's soul, for ten years. The remaining provisions of the will are as follows:

" *Fourthly.* I leave, devise, and bequeath all the rest, residue, and remainder of my estate, real, personal, and mixed, to my only son, Thomas. *Fifthly.* If my son, who is now absent, will not be heard from within ten years from to-day, I will, devise, and bequeath that my property, both real and personal, be equally divided between nephews and nieces; that is, between Jane, Kate, daughters of my brother John, of Newark, N. J., and Thomas and James, sons of Patrick Flynn, of Newark, N. J., and the four sons and three daugh-

ters of Dennis O'Conner and his wife, of Liberty Pole, Vernon county, Wisconsin. *Sixthly.* I hereby nominate and appoint *Patrick McManany* executor of this, my last will and testament."

It further appears that the testator left no widow surviving him, and but one son, Thomas, who at the time of the execution of the will was absent and unheard from, and his whereabouts unknown, and so remained at the time of the trial of the action. Forty acres of the land in question was the homestead of the deceased.

The defendant in this action is the wife of said Thomas, and it appears that she obtained a decree of divorce *a mensa et thoro* from Thomas, April 22, 1889, by the terms of which the title to the real estate in controversy was vested in her absolutely.

In addition to the real estate in controversy, Arthur Sheridan died seised of other real estate in Wisconsin, and some city lots at Waukegan, Ill. The appraised value of his personal estate was $606.80. The gain on the sale of personal property, and the rents and profits of real estate for the year 1889, was $293.37. The claims filed and allowed against his estate in county court aggregate $576.74.

The plaintiff duly qualified as executor, and is still acting as such, the time of settlement of the estate having been extended by the county judge. The plaintiff, as executor, took possession of the real estate in controversy, and held it until about September 1, 1890, when defendant took possession without the knowledge or consent of plaintiff. Upon these facts the circuit court held the plaintiff not entitled to recover, and rendered judgment for defendant, and plaintiff appealed.

For the appellant there was a brief by *Butt & Graves,* and oral argument by *C. W. Graves.* They contended, *inter alia,* that the decisions construing sec. 3823, R. S., only go to the extent that if there is personal property sufficient

McManany vs. Sheridan.

to settle debts and legacies the *heirs* or *devisees* are entitled to the immediate possession of the real estate to the exclusion of the executor or administrator. This does not apply to a stranger to the title who obtains an interest, after the probate court has gotten jurisdiction, through the judgment of another court, as was the case with the defendant. The heir has the right because the estate has descended to him directly from the ancestor, and it is not intended by the statute to create an intermediate estate in the executor or administrator. *Jones v. Billstein,* 28 Wis. 227–8; *Flood v. Pilgrim,* 32 id. 376; *Filbey v. Carrier,* 45 id. 469; *Marsh v. Waupaca Co.* 38 id. 250; *Campeau v. Campeau,* 19 Mich. 116; *S. C.* 25 id. 127. The devise to Thomas is contingent upon his return, and the title is not vested in him. The title is vested in the nephews and nieces, subject, however, to be defeated within ten years by the re-appearance of Thomas. The executor has the right of possession until such time (within ten years) as Thomas returns, or until the expiration of ten years if he does not return. The re-appearance of Thomas, or at least tidings of him, is a condition precedent to the devise to him. *Finlay v. King's Lessee,* 3 Pet. 346; 2 Jarman, Wills (5th Am. ed.), 509 *et seq.; Campbell v. McDonald,* 10 Watts, 179; *Reeves v. Craig,* 1 Winst. Law (N. C.), 209; *Den v. Messenger,* 33 N. J. Law, 499; *West v. Moore,* 37 Miss. 114; *Marston v. Marston,* 47 Me. 495; *Johnson v. Warren,* 74 Mich. 491; *Conger v. Lowe,* 124 Ind. 368; *Hawke v. Euyart,* 30 Neb. 149; *Caw v. Robertson,* 5 N. Y. 125.

*H. P. Proctor,* for the respondent.

WINSLOW, J. We construe the fourth and fifth paragraphs of the will in question as vesting a present estate in fee in Thomas Sheridan. Whether that estate be a base fee by reason of the condition attempted to be imposed by the fifth paragraph, or whether such condition be void because

too indefinite to be enforced, is not material to the contro-
versy before us, and is not decided.   The condition, if valid,
is a condition upon which the estate of the nephews and
nieces depends for its inception, and not the estate of
Thomas.   Thomas thus having a present estate in the land,
it was competent for the court in the divorce action to di-
vest him of that estate, and vest it in the defendant, *Kate
Sheridan*.   She therefore now possesses, by virtue of the
divorce decree, all the estate which Thomas had.

The administrator bases his right to the possession of the
real estate in question upon the provisions of sec. 3823, R. S.,
which gives to the executor the right to the possession of
all real estate of the deceased, *except the homestead*, until the
estate shall have been settled, or until delivered over by
order of the county court to the heirs or devisees.   All the
rights which the executor has to the possession of this real
estate he derives from this statute, because he has none at
common law.   It is stipulated and found as a fact that
forty acres of the land in controversy was the homestead of
Arthur Sheridan.   It seems entirely clear, therefore, that
the executor has no right to the possession of this forty
acres, because the same is expressly excepted from the
operation of the statute.   As to the balance of the disputed
land the question is different, but the result the same.   This
statute has been construed by this court in a number of
cases, and the result of the decisions is that the right of the
executor, as against the heir or devisee in possession, to the
possession of the real estate is not absolute.   *Jones v. Bill-
stein*, 28 Wis. 221; *Flood v. Pilgrim*, 32 Wis. 376; *Filbey v.
Carrier*, 45 Wis. 469.   If there are no claims against the
estate, or if all claims have been paid, the administrator or
executor is held not entitled to possession as against the
heir or devisee, even though the estate be not finally settled.
We see no reason why the same result should not follow
where it appears that there is enough personal property in

hand to pay all debts and legacies. In this case it appears that there is enough personal property and money in hand to pay all debts and legacies, besides other real estate of which the executor has possession, and presumably is receiving rents and profits therefrom. Under these circumstances we shall not hold the executor entitled to the possession as against the devisee.

*By the Court.* — Judgment affirmed.