CARPENTER, Administrator, Appellant, vs. FOPPER, Respondent.

*September 24 — October 13, 1896.*

*Vendor and purchaser of land: "Real estate:" Estates of decedents: Specific performance.*

1. The interest of the purchaser under a land contract who had paid the entire purchase price and, at the time of his death, was in actual occupancy of the premises, is "land" or "real estate" within the meaning of subd. 9, sec. 4971, R. S., and descends to his heirs.
2. The administrator of the estate of the purchaser in such a case cannot maintain an action for specific performance of the contract, unless the personal estate is insufficient to pay the debts.

APPEAL from a judgment of the circuit court for Vernon county: O. B. WYMAN, Circuit Judge. *Affirmed.*

Action by an administrator to enforce specific performance of an agreement to convey lands, made by the defendant to the plaintiff's decedent in her lifetime. It appears that the purchase price had been fully paid, and that the decedent was in actual occupancy of the lands, and left children. It does not appear that there are debts against the estate, or a deficiency of personal estate to pay debts, nor that the plaintiff is in possession. There was a demurrer *ore tenus* interposed at the trial, which was sustained, and a judgment given for the defendant, from which the plaintiff appeals.

The cause was submitted for the appellant on the brief of *Smith & Griffin* and *C. W. Graves,* and for the respondent on that of *H. P. Proctor* and *C. M. Butt.*

On the part of the appellant it was contended, among other things, that the objection that the action was not prosecuted in the name of the real party in interest, not being taken by demurrer or answer, was waived. *Robbins v. Deverill,* 20 Wis. 142; *State ex rel. Cornish v. Tuttle,* 53

id. 45; Moak's Van Santvoord's Pleadings (3d ed.), 569. Sec. 3501, R. S., confers a right of action in such a case upon the administrator.

NEWMAN, J. The demurrer *ore tenus* raises the question whether the complaint states a cause of action in favor of the plaintiff. No doubt the interest which plaintiff's decedent had in these lands is "lands" and "real estate" within the statute definition. R. S. sec. 4971, subd. 9. These lands, on the death of the intestate, descended at once, by operation of law, to her children. R. S. sec. 2270, subd. 1. At the common law, and in the absence of a statute, the administrator has no right to the possession, even, of the real estate. Under the statute (R. S. sec. 3823) he has no right to the possession unless there are claims against the estate unpaid. *McManany v. Sheridan*, 81 Wis. 538. Having neither a title nor a right to the possession of the lands it is difficult to apprehend what legal interest he can have in the specific performance of this contract. If performance is due, it is due to the heirs of the plaintiff's decedent, and not to the plaintiff. He has no interest to be vindicated, either in the title or in the possession. He does not represent the heirs. He is neither the real party in interest nor the trustee of an express trust in relation to these lands. He has no interest. The complaint does not show any cause of action in favor of the plaintiff. The demurrer was rightly sustained.

*By the Court.*— The judgment of the circuit court is affirmed.