INTERNATIONAL TEXT BOOK COMPANY, Appellant, vs. SAMER, Respondent.

*December 10, 1912—January 7, 1913.*'

*Appeal: Review: Questions considered: Harmless errors.*

1. An appeal from a judgment does not bring up for review in the supreme court orders made after judgment; hence, upon such an appeal, errors alleged in the denial of a new trial after judgment cannot be considered.
2. A judgment will not be reversed because of rulings upon evidence which, even if erroneous, clearly had no substantial effect upon the verdict rendered.

APPEAL from a judgment of the county court of Winne-bago county: FRED BEGLINGER, Judge.   *Affirmed.*

This is an appeal from a judgment for costs rendered against the plaintiff on the verdict of a jury.

For the appellant there were briefs by *R. L. Clark* and *David C. Harrington,* and oral argument by *Mr. Clark* and *Mr. Charles E. Hammersley.*

· *William N. Powers,* for the respondent.

SIEBECKER, J.  Plaintiff seeks to recover the balance alleged to be due under the terms of a written contract, whereby the plaintiff agreed to furnish the defendant a course of instruction in all subjects embraced in an examination under the civil service commission for clerk or carrier in the post-office branch of the United States civil service, for which the defendant agreed to pay $45 in monthly instalments of $5.

The course of instruction to be furnished the defendant was intended to prepare him to pass the civil service examination for rural mail carrier.  The contract was signed and a payment of $5 made on April 24, 1906.  Five weeks later another payment of $5 was made by the defendant.  For about six weeks after the signing of the contract the plaintiff sent to the defendant and the defendant received pamphlets of instruction and sets of questions to be answered by the defendant.  Defendant sent in several sets of answers to questions received by him.

In June, 1906, the defendant entered a business college at Oshkosh and remained there until November.  During the month of November the defendant took the civil service examination, but failed to pass.  In April of the succeeding year he again took the civil service examination and passed.  During March, April, and May, 1907, the defendant was a student at the business college.  Besides the two payments mentioned above, the defendant paid $5 on November 10, 1906, and $3 on August 23, 1907.

The answer to the complaint alleges that the contract was secured by fraud.

The plaintiff introduced evidence tending to show that the course which was to be furnished the defendant was calcu-

lated to prepare him to pass the civil service examination which he desired to take, that the defendant had made payments upon the contract after he omitted sending in answers to the questions sent him, that he made no complaint about the course until after he had passed the examination for which the course of instruction was to prepare him, but that he notified the plaintiff of a desire to change to a different course and made payments on the contract, and that defendant refused to pay the balance due on the contract only after the plaintiff had failed to recover in another action on a similar contract.

The defendant testified that he was assured that the course of instruction to be given would prepare him for passing the examination for the position he desired in the civil service, that the course was not calculated to so prepare him, that books of instruction to be furnished under the contract were not furnished, and that the questions and criticisms upon his papers were not sent to him promptly, and that the payments made by him after he had abandoned the course of instruction were forced from him by threats.

Judgment was rendered for the defendant upon the verdict of the jury in his favor. After judgment had been rendered the plaintiff moved to vacate the judgment, set aside the verdict, and to render judgment for the plaintiff, and in case of a denial of this motion that a new trial be granted. These motions were denied. The plaintiff appealed from the judgment, but not from the orders entered after judgment refusing to grant a new trial.

Under this state of the record it must be assumed that the verdict is sustained by evidence. This appeal from the judgment does not bring for review in this court the orders made after judgment, and hence the errors alleged in the denial of a new trial after judgment cannot be considered. *Kozik v. Czapiewski,* 136 Wis. 70, 116 N. W. 640.

Appellant urges upon our attention several exceptions to rulings on evidence. These we have examined, but find they

refer to matters which were of very slight significance and clearly had no substantial effect on the verdict rendered.

It is also claimed that the court erred in the instructions to the jury, in that it erroneously stated the alleged grounds of defense in the obtaining of the contract through fraudulent representations of the plaintiff. An examination of all the instructions given the jury discloses that they cover the issues fully and state correctly the rules of law applicable thereto. The withdrawal of the instruction pertaining to defendant's counterclaim, upon his suggestion that all right thereto was waived, did not render the remaining portion incorrect as to the issues submitted.

We find no reversible error in the record.

*By the Court.*—Judgment affirmed.