RIEDI and another, Appellants, vs. HEINZL, Respondent.

*March 12—April 7, 1942.*

For the appellants there was a brief by *Raymond J. Rahr* and *C. R. Jirtle,* both of Green Bay, and oral argument by *Mr. Rahr.*

For the respondent there was a brief by *Bouck, Hilton & Dempsey* of Oshkosh, and oral argument by *Joseph F. Dempsey.*

MARTIN, J. If the complaint only states grounds for rescission or to set aside the conveyance for fraud, the judgment of dismissal was properly entered, because the right to rescind a contract on the ground of fraudulent representations could be exercised only by the one (Mathias Riedi, Sr.) upon whom the fraud was perpetrated. Upon his death, without such rescission, all power to rescind dies with him. However, a cause of action for deceit in inducing a conveyance survives the defrauded party's death as "damages done to property rights," within sec. 331.01, Stats.; but under sec. 287.01 it survives to the personal representatives. A deed induced by fraud or undue influence is merely voidable. See *Zartner v. Holzhauer,* 204 Wis. 18, 234 N. W. 508.

On this appeal, however, appellants claim the right to maintain the action as the children and heirs at law of Mathias

Riedi, Sr., because of his alleged mental incompetency at the time he executed the deed, on August 26, 1936; that because of such mental incompetency the deed is void and of no effect. The prayer is:

"That the said deed or writing be declared void and of no effect, and that the defendant, Eleanora Heinzl, produce the same and deliver the same up to be canceled."

We are of the view that the complaint states a cause of action on the theory of alleged mental incompetency of the grantor at the time the deed was executed; and that this action may be maintained by the plaintiffs as the heirs at law, without the intervention of an executor or administrator of the estate of Mathias Riedi, Sr. 28 Am. Jur. p. 711, § 79.

In *Hinman v. Hinman,* 126 Wis. 191, 105 N. W. 788, the action was for partition of lands. The case came to this court on an appeal from an order overruling a demurrer to the complaint. Appellant contended that a petition for the partition of lands is prematurely brought when they belong to the estate of a deceased person and it does not appear that the settlement of the estate has been closed and the administration account settled. At page 193 the court said:

"Apparently the defendants' contention is that, until settlement of the grandfather's estate, there can be no estate in possession in his heirs at law, because of the administrator's right to possession under certain circumstances. Real estate descends to the heir immediately upon decease of its owner, and no intervention of court or administrator to take intermediate title, as in the case of personal property, is necessary." Citing *Marsh v. Waupaca County,* 38 Wis. 250.

Then, referring to sec. 3823, Stats. 1898, which is practically identical with sec. 312.04, Stats. 1937, the court said:

"Our statute (sec. 3823, Stats. 1898) has given a very limited right to an administrator to take possession of the real estate, but imposed no duty on him, except when its rents and profits are necessary in the settlement of the estate. It has been

held that if there are no debts he has no right to take possession. *Flood v. Pilgrim,* 32 Wis. 376. Also, that the right under the section above cited, until exercised, does not constitute an estate in possession, but that the heir may sue in ejectment." Citing *Jones v. Billstein,* 28 Wis. 221; *Marsh v. Waupaca County, supra; Wisconsin Trust Co. v. Chapman,* 121 Wis. 479, 486, 99 N. W. 341; *Campau v. Campau,* 19 Mich. 116.

In *Marsh v. Waupaca County, supra,* the action was to restrain the issue of tax deeds, and to set aside the sale of lands for the tax assessed thereon, and to set aside and cancel the certificates of such sale. The action was brought by the heirs of Marsh, who died intestate. The administrators of the estate joined as plaintiffs in the action with the heirs in their representative capacity. At page 252 the court said:

"But we perceive no good reason for making them parties in their representative character. The action is to remove a cloud upon title to land, and the owners of the land are, of course, the proper plaintiffs. The complaint shows that the plaintiffs who sue in an individual capacity are such owners. On the death of Samuel Marsh, intestate, the lands described in the complaint descended immediately to his heirs, and the administrators subsequently appointed took no interest therein except the mere right of possession pending the administration."

In *Carpenter v. Fopper,* 94 Wis. 146, 68 N. W. 874, the plaintiff-administrator brought the action to enforce specific performance of an agreement to convey lands, made by the defendant to the plaintiff's decedent in her lifetime. The purchase price had been fully paid and the decedent was in actual occupancy of the land, and left children. There was a demurrer *ore tenus* raising the question whether the complaint stated a cause of action in favor of the plaintiff-administrator. The court said (p. 147):

"No doubt the interest which plaintiff's decedent had in these lands is 'lands' and 'real estate' within the statute definition. . . . These lands, on the death of the intestate, de-

scended at once, by operation of law, to her children. . . . At the common law, and in the absence of a statute, the administrator has no right to the possession, even, of the real, estate. Under the statute (R. S., sec. 3823) he has no right to the possession unless there are claims against the estate unpaid. *McManany v. Sheridan,* 81 Wis. 538. Having neither a title nor a right to the possession of the lands it is difficult to apprehend what legal interest he can have in the specific performance of this contract. If performance is due, it is due to the heirs of the plaintiff's decedent, and not to the plaintiff. He has no interest to be vindicated, either in the title or in the possession. He does not represent the heirs. He is neither the real party in interest nor the trustee of an express trust in relation to these lands. He has no interest."

It is elementary that real estate descends directly to the heirs as of the date of death where the deceased owner dies intestate; and that wills take effect as of the date of death of the testator. An executor or administrator has a right to the possession of the real estate of his deceased, except the exempt homestead, and may receive the rents and profits thereof until the estate is settled, or until delivered by order of the court to the heirs or devisees. Sec. 312.04, Stats. An executor or administrator may sell the real estate of deceased when the available personal estate is insufficient to pay the expenses of administration, the funeral expenses, and debts of the deceased, or if the sale of the personal property would be inimical to the interests of the estate, or if the sale of the real estate would be for the best interests of the estate. They may mortgage, lease, or sell the real estate of the deceased for the reasons and in the manner as provided in ch. 316, Stats. Such rights of an executor or an administrator do not prevent the heirs at law from bringing and prosecuting the instant action.

We are not concerned with the rights of creditors, if any there be; nor are we concerned with the disposition of the property under the will of the deceased in the event of the deed of August 26, 1936, being held void on the ground of the

mental incompetency of the grantor. The court below sustained defendant's plea in abatement and dismissed the complaint on the ground that plaintiffs are not the proper parties to institute and prosecute this action. In so holding, the court erred. The plea should have been overruled.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter an order overruling defendant's plea in abatement, and for further proceedings according to law.