ESTATE OF RIEMAN: RIEMAN and others, Appellants, vs.
HANSEN, Administrator w.w.a., Respondent.

*February 9—March 6, 1956.*

For the appellants there was a brief by *Baker, Juliani & Stanhope* of Kenosha, and oral argument by *J. Clark Stanhope*.

For the respondent there was a brief by *Hammond & Hammond* of Kenosha, attorneys, and *Shea & Hoyt* of Milwaukee of counsel, and oral argument by *Ralph M. Hoyt*.

STEINLE, J.  Appellants seek to have the judgment, which allowed the final account and provided for the discharge of the administrator, vacated and set aside. They submit that they are entitled to a direction from this court to the trial court to set aside the sale and conveyance of the real estate made by the Illinois executor.

The appeal is solely from the judgment approving the administrator's account and discharging him from further responsibility in the proceedings. No appeal was taken from the order refusing permission to the administrator to sell the real estate. The appeal from the judgment does not bring up for review the order pertaining to the petition for the sale of the real estate. In an early case, *Gunn v. Green* (1861), 14 Wis. *316, it was ruled that an appeal from an order of the probate court relative to settlement of an administrator's account, will not bring up for review the regularity of the proceedings of the probate court in granting letters of administration, or in ordering the sale of real estate for the payment of debts. That ruling stands unreversed.

Appellants contend *inter alia* that it was error to have allowed the administrator's account, for the reason that it failed to show the real estate as an asset of the ancillary administration, and also failed to show any collection of rents of the real estate by the ancillary administrator.

An administrator, whether he be domiciliary or ancillary, is not obliged to include real estate in his account. Under provision of sec. 317.01 (1), Stats., he is chargeable only with the personal property of the estate which comes into

his possession, and with the proceeds of any real estate sold by him. The real estate descends to the heirs or devisees upon decedent's death, and an administrator does not take title thereto. Under some circumstances he may obtain a right of possession. However, he has no duty of possession unless it is necessary to do so for the payment of debts or administration expense. It is plain that if he does not take possession, he is under no responsibility to find a tenant or collect rents. Sec. 312.04 provides that an administrator "shall have a right to the possession of the real estate of his decedent, except the exempt homestead, and may receive the rents and profits thereof until the estate shall be settled, or until delivered by order of the court, to the heirs or devisees, and he shall keep in good tenantable repair all buildings and fences thereon which are under his control." This statute has been the subject of frequent construction. In *Jones v. Billstein* (1871), 28 Wis. 221, 228, this court when interpreting the statute, stated:

"As we understand this statute, it gives the personal representative the power to reduce the real estate to his actual possession should he think proper, or should the probate court direct him so to do, but it does not imperatively require him to take possession thereof, and until he does so the common-law right of the heir to the possession remains unimpaired."

In *Flood v. Pilgrim* (1873), 32 Wis. 376, at page 379, the court when referring to the statute said:

"The intent doubtless is, to place the whole estate, real and personal, in the possession and under the control of the executor or administrator in proper cases to enable him to pay debts against the estate and legacies. Where there are no such debts or legacies to be paid, there is no valid reason why the executor or administrator should have the possession of the real estate."

The statute was also construed in *McManany v. Sheridan* (1892), 81 Wis. 538, 51 N. W. 1011, and at page 542, the court said:

"This statute has been construed by this court in a number of cases, and the result of the decisions is that the right of the executor, as against the heir or devisee in possession, to the possession of the real estate is not absolute. *Jones v. Billstein,* 28 Wis. 221; *Flood v. Pilgrim,* 32 Wis. 376; *Filbey v. Carrier,* 45 Wis. 469. If there are no claims against the estate, or if all claims have been paid, the administrator or executor is held not entitled to possession as against the heir or devisee, even though the estate be not finally settled."

In *Carpenter v. Fopper* (1896), 94 Wis. 146, 147, 68 N. W. 874, the court declared:

"At the common law, and in the absence of a statute, the administrator has no right to the possession, even, of the real estate. Under the statute (R. S. sec. 3823) [now sec. 312.04] he has no right to the possession unless there are claims against the estate unpaid."

In *Hinman v. Hinman* (1905), 126 Wis. 191, 193, 105 N. W. 788:

"Real estate descends to the heir immediately upon decease of its owner, and no intervention of court or administrator to take intermediate title, as in the case of personal property, is necessary. *Marsh v. Waupaca Co.* 38 Wis. 250. Our statute (sec. 3823, Stats. 1898) has given a very limited right to an administrator to take possession of the real estate, but imposed no duty on him, except when its rents and profits are necessary in the settlement of the estate. It has been held that if there are no debts he has no right to take possession. *Flood v. Pilgrim,* 32 Wis. 376."

In *Riedi v. Heinzl* (1942), 240 Wis. 297, 3 N. W. (2d) 366, it was held that an administrator may sell the real estate of deceased when the available personal estate is insufficient

to pay the expenses of administration, the funeral expenses, and debts of the deceased, or if the sale of the personal property would be inimical to the interests of the estate, or if the sale of the real estate would be for the best interest of the estate.

The only claim filed against the estate in the Wisconsin administration was settled and paid in 1948, and the funds for the settlement payment were provided by the Illinois executor. There was no need on the part of the administrator to have taken possession of the real estate, or to have collected rents therefrom, or to have sold the real estate for the payment of debts. While it appears that he attempted to take possession, he did not in fact do so. Possession at all times during this administration was in Gladys E. Fleishmann under her contract with the Illinois executor for the purchase of it. The administrator petitioned for the sale of the real estate in order to pay administration expense. The petition was denied by the court, and the administrator acquiesced in the denial. Manifestly, as indicated by his account, he was satisfied with the arrangement that the unpaid balance of the administration expense be paid to him by the Illinois executor. Clearly, there was no need for the sale in order to pay debts or administration expense. The court disallowed payment of the abstract charge and expense for publication of the notice of hearing on petition to sell. The petition for the sale was surplusage and of no effect.

The 1954 offer of Gladys E. Fleishmann addressed to the administrator for the purchase of the real estate at $2,400, and the placing of such a sum in escrow awaiting approval of the court, became ineffective when the court refused to authorize the sale. Objection was made with reference to the absence in the account of any charge for interest upon the item of $1,900 paid or due to the Illinois executor by Gladys E. Fleishmann. The administrator was not chargeable with such item. It does not appear that the fee to the administra-

tor or that to his attorneys, as allowed by the court, were unreasonable.

The administrator did not appear in person at the hearing upon the final account. Evidence was presented relative to the seriously impaired condition of his health at the time. For such reason the court excused his presence and permitted his son, who had been familiar with the administration, to testify. Appellants maintain that under provision of sec. 317.05, Stats., they were entitled to an examination of the administrator under oath regarding his account and settlement of the estate. The subject concerning which they desired examination was his failure to collect an amount for rents and profits of the estate. The court ruled that such matter was irrelevant, for the reason of the previous denial of permission to sell the real estate. We find no error with regard to the court's ruling in such respect.

Appellants complain that the court's order of September 29, 1955, directing that there be stricken from the proposed bill of exceptions pages 1 to 17 of the transcript of the testimony, constituted prejudicial error. An analysis of the stricken part of the record shows that it consists of colloquy between court and counsel and pertained only to the question of licensing the administrator to sell the real estate. The order striking the material from the bill of exceptions, which was settled for the purpose of appeal upon a wholly different subject, was proper. No appeal had been taken from the order of September 29, 1955. As held in *International Text Book Co. v. Samer* (1913), 151 Wis. 570, 139 N. W. 315, an appeal from a judgment does not bring up for review in the supreme court orders made after judgment. Clearly, an appeal does not bring up orders made after the appeal itself is taken.

In its disposition of the administrator's petition for the sale of the real estate, the court noted that the will of dece-

dent gave the Illinois executor full power of sale of the real estate, and that no license for its sale was required. On this appeal, much of the argument of appellants concerns the sale of the real estate by the Illinois executor. That matter was included in the court's consideration of the ancillary administrator's petition to sell the real estate, and was determined by the order denying the application. It is irrelevant to the subject matter of the instant appeal.

Finding no error with respect to the allowance of the administrator's account and his discharge, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.