AREA BOARD OF VOCATIONAL, TECHNICAL & ADULT EDUCATION, DISTRICT NO. 2, Respondent, v. SALTZ and another, Appellants.

*No. 389. Submitted under sec. (Rule) 251.54 January 29, 1973.—Decided March 13, 1973.*
(Also reported in 204 N. W. 2d 909.)

For the appellants the cause was submitted on the briefs of *Bosshard, Sundet, Nix & Talcott* and *Darrel A. Talcott,* all of La Crosse.

For the respondent the cause was submitted on the brief of *Hale, Skemp, Hanson, Schnurrer & Skemp* and *W. A. Kirkpatrick,* all of La Crosse.

HANLEY, J. The sole issue on this appeal is whether the only two heirs at law of the record titleholder to property are "owners" for purposes of receiving a jurisdictional offer in a condemnation proceeding, pursuant to sec. 32.05 (3), Stats.

The disputed language of sec. 32.05 (3), Stats., provides that the "Condemnor shall send to the owner, or one of the owners of record, . . . a notice." Condemnees contend that since they were not the "owners of record," the condemnor should have appointed a special administrator and commenced the action by service upon him,

and failure to do so rendered the condemnor without jurisdiction over them under sec. 32.05 (4).[2] We think this contention is without merit.

As the circuit court correctly concluded, prior to the adoption of sec. 857.01, Stats., by ch. 339, Laws of 1969, a personal representative took no interest in realty other than the mere right of possession upon the death of the intestate, but rather the land descends immediately to the heirs. *Estate of Rieman* (1956), 272 Wis. 378, 384, 75 N. W. 2d 564. Therefore, even if a special administrator had been appointed he would not have been record titleholder, and, in fact, from the time of death of the record owner, Esther Saltz, until the final judgment in the estate naming the heirs is filed, there will be no change in the owner of record. Under this construction of the statute, there would be no one to commence condemnation proceedings against. The reason for making the heirs parties to the proceeding is well summarized in 29A C. J. S., *Eminent Domain,* p. 1064, sec. 236 (b). It is there stated:

"Where a landowner dies before title has passed to the condemning party, the title passes to the heirs and they should be made parties unless there are statutes authorizing the proceedings to be brought against the executor or administrator alone. If, however, the title passed in decedent's lifetime, leaving in him a right to compensation only, this is personalty and goes to the personal representative, who becomes the proper party to the further continuance of the proceeding."

The legislative intent in the passage of statutes like sec. 32.05 (3) is summarized by Jahr in his treatise on the subject:

"The owner of the property about to be taken and all persons having any interest therein as above defined are

---

[2] Sec. 32.05 (4), Stats., in material part provides that: "The giving of such notice is a jurisdictional requisite to a taking by condemnation."

entitled to be heard, for their rights will be affected by the condemnation proceeding. . . . If they are not made parties, they will not be bound by the proceedings. . . . *However, the interest in the real property of a party having an interest therein must be disclosed either by a public record or must be known to the condemnor."* (Emphasis added.) [3]

In the case at bar, the interest of the condemnees, although not disclosed by the public record, was nevertheless known to the condemnor. The condemnor rightfully contends that the language of the statute referring to service upon an "owner of record" is clearly intended for the protection of the condemnor. If the statute were to state merely that service be made on an "owner," the condemnor would have the problem of ascertaining who the real owners are, without reliance on the record title. Thus, condemnation proceedings would be the subject of continuous litigation at the suit of owners of unrecorded deeds or other muniments of title. The statute was written to allow the condemnor to rely upon the record title in commencing its action. If the condemnor chooses to disregard the record title and commence proceedings against those which it "knows" to be the true owners, it does so at its own peril. In this case, the condemnor did so and there is no dispute that the only heirs at law of the record titleholder were properly served.

Moreover, the condemnees were barred from raising their objection at the time and in the manner which they did.

Sec. 32.05 (5), Stats., provides as follows:

"COURT ACTION TO CONTEST RIGHT OF CONDEMNATION. When an *owner* desires to contest the right of the condemnor to condemn the property described in the jurisdictional offer, *for any reason other than that the amount of compensation offered is inadequate,* such owner may

---

[3] Jahr, *Eminent Domain: Valuation and Procedure* (1953), sec. 213 at pages 333, 334.

within 40 days from the date of personal service of the jurisdictional offer or within 40 days from the date of postmark of the certified mail letter transmitting such offer, or within 40 days after date of publication of the jurisdictional offer as to persons for whom such publication was necessary and was made, commence an action in the circuit court of the county wherein the property is located, naming the condemnor as defendant. *Such action shall be the only manner in which any issue other than the amount of just compensation, or other than proceedings to perfect title* as provided in ss. 32.11 and 32.12, *may be raised* pertaining to the condemnation of the property described in the jurisdictional offer. The trial of the issues raised by the pleadings in such action shall be given precedence over all other actions in said court then not on trial. *If the action is not commenced within the time limited the owner or other person having any interest in the property shall be forever barred from raising any such objection in any other manner.* Nothing in this section shall be construed to limit in any respect the right to determine the necessity of taking as conferred by s. 32.07 nor to prevent the condemnor from proceeding with condemnation during the pendency of the action to contest the right to condemn. . . ." (Emphasis added.)

As condemnees were the "owners" of the property, their jurisdictional challenge should have been in the form of an action commenced in the circuit court rather than a motion to quash, said action commenced within forty days from October 6, 1969. Failing to do this, they are now barred from raising their challenge in any other manner. *Arrowhead Farms, Inc. v. Dodge County* (1963), 21 Wis. 2d 647, 124 N. W. 2d 631.

We conclude that sec. 32.05 (3), Stats., does not require that service of jurisdictional offer and notice of hearing must be made only on an "owner of record." Service on the "owner of record" is merely one of two alternatives. The condemnor properly served on the "owner" in this case.

*By the Court.*—Order affirmed.